In the Matter of GOLDCHIP FUNDING COMPANY, etc.

Ruth C. LEIB et al., Plaintiffs,

v.

20TH CENTURY CORPORATION et al., Defendants.

Civ. No. 73–551.

United States District Court, M. D. Pennsylvania.

Jan. 15, 1974.

Richard A. Ash, Cletus P. Lyman, Philadelphia, Pa., for plaintiffs.

W. Jeffry Jamouneau, Harrisburg, Pa., Perry S. Bechtle, Barry F. Greenberg, Philadelphia, Pa., for defendants.

## OPINION

MUIR, District Judge.

Ruth Leib, a shareholder of Goldchip Funding Company (Goldchip), and Frank Leib, a shareholder of Cosmopolitan Investors Funding Company (Cosmopolitan Investors), brought this action under the Securities Exchange Act of 1934 for damages and an injunction against Defendants' alleged fraudulent scheme to transfer the sole marketable assets of Goldchip and Cosmopolitan Investors in exchange for nonmarketable stock of Defendant 20th Century Corporation. As part of the scheme, Plaintiffs allege that certain Defendants caused to be issued false and misleading proxy solicitations. Plaintiffs have moved pursuant to F.R.Civ.P. 23 that this case be maintained as a class action on behalf of all independent shareholders of Goldchip and Cosmopolitan Investors.

On December 14, 1973, a hearing was held to determine the propriety of maintaining this action as a class action. Neither side presented evidence. On the question of adequacy of representation, Plaintiffs rely on the facts contained in the affidavit of Plaintiff Frank Leib. The affidavit states that: (1) Frank Leib owns 100 shares of Cosmopolitan Funding (2) affiant's mother and co-Plaintiff, Ruth Leib, is a shareholder of Goldchip (3) Ruth Leib is a housewife (4) Frank Leib is a college student (5) "Neither my mother nor myself have much business experience, nor do we have any special information about Goldchip or Cosmopolitan Funding beyond that contained in documents sent to shareholders," (6) "Both my mother and myself are relying on our attorneys, Messrs. Lyman and Ash, to investigate facts pertinent to our lawsuit and to advise us as to the proper course of action." Additionally, Plaintiffs submit the affidavit of one of Plaintiffs' attorneys which attests to Plaintiffs' attorneys familiarity with and experience in class action litigation in the securities field.

■■ We begin with the proposition that the class action is an appropriate, and often preferable, means of litigating claims of violation of the securities laws. Green v. Wolf Corp., 406 F.2d 291 (2d Cir. 1968), cert. denied, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969); Unicorn Field, Inc. v. Cannon Group, Inc.,

60 F.R.D. 217 (S.D.N.Y.1973). However, Defendants contend that class action status should not be granted in this case because the named Plaintiffs will not fairly and adequately protect the interests of the class as required by F.R. Civ.P. 23(a)(4). The Court takes note of Plaintiffs' observation that Defendants are probably more interested in preventing class action status than they are in assuring that the prospective class is properly represented. Nevertheless, while the Court finds no merit in Defendants' contention that the interests of the Plaintiffs are antagonistic to the interests of other Goldchip and Cosmopolitan Funding shareholders,[1] the other point raised by Defendants, that the named Plaintiffs have not shown that they have the personal characteristics which would make them proper representatives of the class, is well taken.

Plaintiffs contend that their personal characteristics are irrelevant, and that all that they need show is that they are shareholders, that their interests are not antagonistic to those of the remainder of the class, and that their attorneys are competent and experienced in this type of litigation. I have concluded that the record before the Court satisfies these elements. There is support for Plaintiffs' proposition that adequacy of representation does not depend upon their personal characteristics. Dorfman v. First Boston Corp., (E.D.Pa., August 7, 1973). See Eisen v. Carlisle and Jacquelin, 391 F.2d 555 (2d Cir. 1968). However, as noted by Professor Wright:

"Quality of representation embraces both the competence of the legal counsel of the representatives *and the stat-*

*ure and interest of the named parties themselves.* The general standard appears to be that the representatives must be of such a character as to assure the vigorous prosecution or defense of the action so that the members' rights are certain to be protected. Thus courts have looked to factors such as the representatives' honesty, conscientiousness, and other affirmative personal qualities." (emphasis added).

Wright and Miller, Federal Practice and Procedure, § 1766, pp. 632–634. See also, Carpenter v. Hall, 311 F.Supp. 1099, 1114 (S.D.Tex.1970); Booth v. General Dynamics Corp., 264 F.Supp. 465, 471 (N.D.Ill.1967).

■ In my view, facts regarding the personal qualities of the representatives themselves are relevant, indeed necessary, in determining whether "the representative parties will fairly and adequately protect the interests of the class." F.R.Civ.P. 23(a)(4). Because absent members of the class would be conclusively bound by the results obtained by these representatives and their attorneys, due process requires that they be more than pro forma representatives. Cf. Hansberry v. Lee, 311 U.S. 32, 61 S. Ct. 115, 85 L.Ed. 22 (1940). The class is entitled to more than blind reliance upon even competent counsel by uninterested and inexperienced representatives. A proper representative can offer more to the prosecution of a class action than mere fulfillment of the procedural requirements of Rule 23. He can, for example, offer his personal knowledge of the factual circumstances, and aid in

1. Defendants demonstrated that Mathew Leib, deceased, husband of Ruth Leib and father of Frank Leib, was a director and founder of Cosmopolitan Investors Funding Company. Defendants contend that since Mathew Leib could possibly be implicated in any wrongful conduct alleged to have occurred while he was a director, his relatives could have interests antagonistic to other members of the class. Such a contingency is purely speculative. The Court has examined the complaint and concluded that any misconduct alleged to have occurred does not encompass the actions of Mathew Leib. If class action status were granted, and the proof indicated misconduct on the part of Mathew Leib, the Court could order appropriate adjustments in the representation or structure of the class. F.R.Civ.P. 23(c)(4).

rendering decisions on practical and non-legal problems which arise during the course of litigation. An attorney who prosecutes a class action with unfettered discretion becomes, in fact, the representative of the class. This is an unacceptable situation because of the possible conflicts of interest involved. See Graybeal v. American Savings and Loan Association, 59 F.R.D. 7 (D.D.C. 1973).

In the case at bar, the affidavit of the Plaintiffs reveals only that they are shareholders in the corporations, that Ruth Leib is a housewife and Frank Leib is a student, that neither Plaintiff has much business experience or knowledge of the facts, and that they are relying upon their attorneys. This is not enough for the Court to determine that the Plaintiffs would provide adequate representation to the class. The Court does not mean to imply that Plaintiffs are in fact inadequate representatives. Even unknowledgeable and inexperienced Plaintiffs might meet the requirements of Rule 23 by demonstrating a keen interest in the progress and outcome of the litigation. In this regard the Court notes that neither Plaintiff has attended any of the three hearings held in this case.

The Court lacks sufficient facts about the representatives to grant their motion that this case proceed as a class action. Their motion will be denied without prejudice to reinstitute their request and affirmatively show, by affidavit or upon evidentiary hearing, preferably the latter, that they alone or in conjunction with others will provide adequate representation.

An appropriate order will be entered.

The Court is also much concerned about whether the numerosity requirement of F.R.Civ.P. 23(a)(1) is satisfied as to the 35–50 persons who comprise the proposed class of Goldchip shareholders. It is not necessary to reach that issue at this time.