**Bruette WHITE, Individually and on behalf of all Stockholders of Enserch Corporation**

v.

**ENSERCH CORPORATION (formerly Lone Star Gas Company).**

**No. CA 3–76–0454–C.**

United States District Court, N. D. Texas, Dallas Division.

May 9, 1978.

---

On the 24th or 25th day of March, 1976, plaintiff bought 25 shares of the common stock of defendant. On the 25th day of March, 1976, plaintiff had a conversation with an attorney, Mr. Herman Wright, about an unrelated matter. Plaintiff mentioned in the course of the conversation that he had gotten back into the stock market in a small way by purchasing shares of defendant's common stock. Mr. Wright responded that he had heard or read something about defendant and that he would investigate the matter. The next day, or the day after, March 26, 1978, this civil action was filed in this Court, citing the Securities Exchange Act of 1934. The following day, plaintiff had a conversation with another attorney in Mr. Wright's firm, Sidney Ravkind. Mr. Ravkind told plaintiff that they had found some illegalities. Plaintiff told Mr. Ravkind to do the best that they could for him. Subsequently, plaintiff received a letter from Mr. Ravkind stating that suit would be filed on plaintiff's behalf on a contingent fee basis. Plaintiff did not respond to this letter either affirmatively or negatively.

Until his deposition was taken by defendant, plaintiff knew nothing of the allegations of the complaint, had never discussed who would pay the costs of the litigation (he did not expect to pay any), and had not known that it was a class action. Beyond this, he had never heard of the firm of Combs and Archer nor of William Ravkind and had not hired them, though they are listed as his counsel on the complaint.

William M. Ravkind, Dallas, Tex., Sidney Ravkind, Mandell & Wright, Combs & Archer, Houston, Tex., for plaintiff.

Henry P. Sailer and Cyril V. Smith, Jr., Covington & Burling, Washington, D. C., Donald L. Case, Jackson, Walker, Winstead, Cantwell & Miller, W. T. Satterwhite and George E. Reese, Dallas, Tex., for defendant.

## OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

Plaintiff has moved for the certification of a class,[1] apparently in response to a motion by defendant that such a class may not be maintained. The Court has concluded that plaintiff's motion should be denied and defendant's granted.

■ Leaving aside at this time the serious question as to whether plaintiff has a lawsuit at all, plaintiff has shown nothing to make the Court believe that he "will fairly and adequately protect the interests of the class."[2] Though the Court is well aware that plaintiffs do have to rely on their attorneys to carry on the vast burden of litigation, they must have some real interest and stake in the litigation.[3]

1. F.R.C.P., Rule 23.

2. F.R.C.P., Rule 23(a)(4).

3. *In the Matter of Goldship Funding Co.,* 61 F.R.D. 592, 593 (M.D.Pa.1974).

■ It appears that plaintiff was not even aware that a lawsuit was to be filed or that he had hired any attorneys to file a lawsuit when this civil action was filed.[4] Plaintiff's almost total lack of knowledge as to any basis for this lawsuit and as to this civil action and his duties and responsibilities as to any class mandate that this civil action not be maintained as a class action.

Therefore, the Court shall enter an Order denying the certification of a class.

4. *Simon v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 16 F.R.Serv.2d 1021 (N.D.Tex. 1972), aff'd on other grounds, 482 F.2d 880 (5th Cir., 1973).