**Esther PASHEK, on behalf of herself and all persons similarly situated, Plaintiff,**

v.

**ARIZONA BOARD OF REGENTS, Defendant.**

**No. Civ. 77–781 Phx. WPC.**

United States District Court, D. Arizona.

March 21, 1979.

John D. Lyons, Jr., of Robbins, Green, O'Grady & Abbuhl, Phoenix, Ariz., for plaintiff.

Stephen K. Smith, Asst. Atty. Gen. for the State of Arizona, Phoenix, Ariz., for defendant.

MEMORANDUM AND ORDER

COPPLE, District Judge.

Plaintiff Pashek has alleged that the defendant Arizona Board of Regents has sexually discriminated against her and other similarly situated females in employment decisions by defendant. Pashek was employed as a temporary lecturer at the ASU College of Business Administration prior to the termination of that position. The Board of Regents has moved to dismiss or strike the class allegations of the plaintiff in her complaint for the reason that the adequate-representation prerequisite for maintaining class actions under Rule 23(a) of the Federal Rules of Civil Procedure cannot be met.

The Rule 23(a)(4) requirement that the representative parties must be fairly and adequately protect the interest of the class necessitates competent counsel. *See, e. g., Fendler v. Westgate California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975); 3B Moore's Federal Practice ¶ 23.07[1] (2d ed. 1978). Fair and adequate representation, though, also requires that the representatives themselves be of a character that assures vigorous prosecution of the action. *See In re Goldchip Funding Co.*, 61 F.R.D. 592, 594 (M.D.Pa.1974) (personal qualities of the representatives are relevant and necessary in determining whether the representative parties will fairly and adequately protect the interest of the class); 7 C. Wright & A. Miller, Fed.Prac. & Proc. § 1766 (1972). Those qualities include acting in the best interest of the absent class members, independently examining the decisions of counsel, and otherwise playing an active role in the litigation to protect the interests of absent class members. *See generally, Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1305 (4th Cir. 1978) ("[B]y asserting a representative role on behalf of the alleged class, [the

plaintiffs] voluntarily accepted a fiduciary obligation towards the members of the putative class they have undertaken to represent."); *Weisman v. Darneille,* 25 F.R. Serv.2d 349, 351 (S.D.N.Y.1978) ("The class . . . must . . . be assured that it will have an adequate representative, one who will check the otherwise unfettered discretion of counsel in prosecuting the suit."); *In re Goldchip Funding Co., supra,* 61 F.R.D. at 594 ("The class is entitled to more than blind reliance upon even competent counsel by uninterested and inexperienced representatives.").

The Board of Regents has argued that the new law firm retained by plaintiff has presented a conflict-of-interest problem because the individual who formerly represented the Board as state attorney general and who now participates as an ex officio member of the Board of Regents is married to a partner of the law firm presently representing Pashek. Some ethical opinions indicate that because of the inherent conflict of interest, neither a spouse nor a spouse's firm may defend an accused person prosecuted by the other spouse or · by a public prosecutor's office with which the other spouse is employed. *See* State Bar of Arizona, Ethical Opinion No. 73–6 (March 20, 1973). A more recent ethical opinion advises that there is no inherent conflict or violation of ethical rules where lawyer-spouses represent differing interests so long as the lawyer-spouses never try a case against each other. *See* State Bar of Arizona, Ethical Opinion No. 77–13 (May 11, 1977). *See also* A.B.A. Formal Opinion 340 (Sept. 23, 1975). Here the partner of plaintiff's law firm who is married to the former attorney general is not participating in the case. Thus, there appears to be no inherent conflict of interest or violation of ethical rules.

Even the more recent ethical opinions, though, impose an obligation upon a lawyer "to advise his or her client of all the circumstances that might cause one to question the undivided loyalty of the lawyer or *law firm* and to allow the client to make the decision as to the retention or employment." *Id.* Ethical Opinion No. 77–13 at 6 (empha-sis added). That a partner of plaintiff's law firm is married to one who is the member of the group being sued, i. e., the Board of Regents, and was formerly the head of the office that represents the defendant is a circumstance that might cause a plaintiff to question the undivided loyalty of the law firm representing the plaintiff. The question of undivided loyalty directly concerns the adequacy of representation for purposes of maintaining a class action and clearly requires careful consideration and an independent decision by the named plaintiff since unnamed plaintiffs cannot be apprised of the questionable circumstance and decide for themselves whether the law firm representing them should continue to do so.

The deposition of Pashek shows she did not know of the possible problem of undivided loyalty. The deposition and record as a whole further demonstrate that Pashek has not exercised independent judgment but has constantly deferred to the decisions or recommendations of her counsel. Examples include her acquiescence in the decisions not to seek class certification and to submit to the defendant a settlement proposal beneficial to herself and her attorney but not to unnamed plaintiffs to whom she owed a fiduciary obligation. Based on Pashek's previous conduct, the Court concludes she is not in a position to decide whether present counsel should represent members of the proposed class.

As indicated above, Pashek has not moved for class certification, although she filed this suit on October 7, 1977. Whether or not this Court is ultimately responsible for making a timely determination about the maintainability of a class action, the passive acquiescence of Pashek to the decisions of her former counsel in seeking class certification and thus her failure "to protect the interest of class membership by moving for class certification in a timely manner is a strong indication of the adequacy of representation those class members may expect to receive in this case." *Buckner v. Cameron Iron Works, Inc.,* 25 F.R.Serv.2d 649, 650–51 (S.D.Tex.1978).

**64**

The deposition of Pashek further reveals that she is unaware of the major events in the case, has deferred to counsel consistently on the progress and direction of the suit, and has in fact been out of state much of the time, making active participation in the case difficult. In sum, it cannot be said that Pashek has played a role in the litigation to date that would infer she has either the desire or ability to protect the interests of absent class members.

This Court must critically evaluate the propriety and adequacy of representation accorded absent class members, since the notice and opt-out privilege provision of Rule 23(c)(2) do not apply here. *See Grigsby v. North Mississippi Medical Center, Inc.,* 586 F.2d 457 (5th Cir. 1978). Upon close examination of plaintiff's conduct, the Court concludes Pashek cannot fairly and adequately protect the interest of the class she seeks to represent. Therefore,

IT IS ORDERED:

The defendant's motion to strike class allegations is granted.