**Irvin GILL, et al., Plaintiffs,**

v.

**MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, et al., Defendants.**

**No. Civ–75–520C.**

United States District Court, W. D. New York.

Sept. 17, 1981.

Emmelyn S. Logan-Baldwin, Rochester, N. Y., for plaintiffs.

Constance J. Hart, Rochester, N. Y., for plaintiff Marie Fitzhugh.

A. Vincent Buzard, Rochester, N. Y., for defendant Monroe County Dept. of Social Services.

Robert Abrams, Atty. Gen. of the State of New York, Buffalo, N. Y. (Douglas S. Cream, Asst. Atty. Gen., Buffalo, N. Y., of counsel), for defendant New York State Department of Civil Service.

CURTIN, District Judge.

This is an employment discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Plaintiffs are minority employees of defendant Monroe County Department of Social Services and unsuccessful minority applicants for positions with the Department.

Upon the petition of plaintiffs, this action was certified as a class action in June of 1978. *Gill v. Department of Social Services,* 79 F.R.D. 316 (W.D.N.Y.1978). At that time, I found that the interests of some of the potential class members were sufficiently different from those of other plaintiffs to make a separate subclass of unsuccessful minority applicants desirable. The subclass was certified, and the subclass representative, Ms. Beatrice Hill, was directed to obtain separate legal representation. Accordingly, Carl Shoolman, Esq., was retained as counsel for the subclass.

Discovery procedures went forward, apparently in the usual course, until December of 1980, when the court was notified by Magistrate Edmund F. Maxwell that discovery had "ground to a halt." The parties were directed to appear before the court for a meeting, and defendant Monroe County moved to question the adequacy of the representation for the class and the subclass.

After hearing oral argument on the motion on January 24, 1981, I issued an order to show cause why Mr. Shoolman should not be removed as the attorney for the subclass and why Beatrice Hill should not be removed as the subclass representative. I received only an inadequate response from Mr. Shoolman in which he expressed his hope that James Hartman, Esq., of the law firm of Harris, Beach, Wilcox, Rubin & Levey would undertake to replace Mr. Shoolman as counsel for the subclass. Because of his lack of preparation and active participation in discovery, Mr. Shoolman was removed as attorney for the subclass.

Also, due to her apparent lack of interest in the lawsuit, Ms. Hill was removed as the representative of the subclass. The subclass was then decertified with leave given to move for recertification within a specified time period. *See* order of March 16, 1981.

The plaintiffs have now moved for re-certification of the subclass. Since replacement counsel in the form of Mr. Hartman did not materialize due to a conflict of interest, plaintiffs have requested that Constance Hart, Esq., be appointed as the attorney for the subclass and have requested that Ms. Hill be reappointed as the class representative.

In the original class certification order, this court determined that the proposed class and subclass met the prerequisites of Rule 23 of the Federal Rules of Civil Procedure for class certification. Of the factors listed in the Rule, only Rule 23(a)(4) has been called into question. Therefore, the issues before the court are whether Ms. Hill is an adequate representative and whether Ms. Hart is acceptable as legal counsel for the subclass. The parties have filed briefs and affidavits in support of their respective positions, and I heard oral argument on the motion on June 17, 1981, while Ms. Hill was present. For the reasons discussed below, the court finds that Ms. Hill is not an adequate representative and that Ms. Hart is not acceptable as counsel for the subclass. The motion to re-certify must be denied.

■ Rule 23(a)(4) states that an action may be certified as a class action only if the court determines that "the representative parties will fairly and adequately represent the interests of the class." The class representative stands in a most important position with regard to the litigation. Since the absent class members will be bound by any judgment which results from the action, the class representative has a special duty to safeguard the interests of the absent members and must be able and willing to participate actively in the litigation. Perhaps the most important task of the class representative is to select and supervise an attorney for the class who is capable of competently

prosecuting the proposed lawsuit. *Levine v. Berg*, 79 F.R.D. 95, 97 (S.D.N.Y.1978); *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555 (2d Cir. 1968). While as in any lawsuit, the attorney must be given broad discretion in the prosecution of the suit, this discretion is not unfettered. And, ultimately, the responsibility for the action lies with the representative.

■ Ms. Hill was removed as the class representative because she failed to respond to my order to show cause and because she failed to take any action when it became apparent that Mr. Shoolman was not fulfilling his duties as attorney for the subclass. *See* order of March 16, 1981. Ms. Hill and Ms. Hart have filed affidavits which offer explanations for Ms. Hill's inaction. Ms. Hill states that she did question Mr. Shoolman on occasion but was assuaged by his responses and made no further inquiries. Both Ms. Hill and Ms. Hart contend that Ms. Hill acted as an adequate class representative under the circumstances. Ms. Hill claims that, due to her lack of legal experience, she accepted Mr. Shoolman's explanations for his performance as "reasonable and true." She states that she "certainly was in no position to question him further and [that it] would have unreasonable for me to have questioned his handling of my case at that time." Affidavit of Beatrice Hill. Yet, that is precisely the duty of the class representative: she *must* question the class attorney to ensure that counsel is adequately performing his or her job. As one court has stated, "[t]he class is entitled to more than blind reliance upon even competent counsel by uninterested and inexperienced representatives." *In re Goldchip Funding*, 61 F.R.D. 592, 594 (M.D.Pa.1979); *see also Tomkin v. Kaysen*, 69 F.R.D. 541 (S.D.N.Y.1976); *Weisman v. Darneille*, 25 F.R.Serv.2d 349 (S.D.N.Y.1978). Since Ms. Hill has demonstrated her inability to effectively protect the interests of the absent subclass members, the court finds that she is not an adequate class representative.

■ The court must also reject the plaintiffs' request that Ms. Constance Hart be designated as the attorney for the subclass.

The court does not question Ms. Hart's competence or her ability to represent the subclass conscientiously and vigorously. The problem, instead, is that Ms. Hart has been actively involved in the lawsuit since May of 1978 as the attorney for Ms. Marie Fitzhugh.

Ms. Fitzhugh is not a member of the subclass of unsuccessful applicants for positions with the Department. She was an employee of the Department, working in the capacity of Casework Supervisor, from the time the lawsuit was filed until she resigned in February of 1980. Because she is currently retired from the Department, Ms. Fitzhugh and Ms. Hart contend that no conflict of interest can exist regarding Ms. Hart's representation of the subclass and her continued representation of Ms. Fitzhugh.

The court, however, is not satisfied that the interests of Ms. Fitzhugh and the subclass members are not adverse. There are too many factors which are undeveloped to allow this court to find that there are no conflicts between Ms. Hart's current client and her prospective clients. As of this date, even the names of the subclass members and the positions they sought are unknown. While Ms. Fitzhugh's status as a retired employee eliminates problems regarding conflicting claims to retroactive appointments, conflicts may still arise, for example, with regard to retroactive back pay awards for positions for which both Ms. Fitzhugh and one of the subclass members were in contention at the same time.[1]

It must be kept in mind that at all times during the litigation, the class attorney has a fiduciary duty to the absent class members. He or she serves in "something of a position of public trust." *Alpine Pharmacy v. Chas. Pfizer & Co., Inc.,* 481 F.2d 1045, 1050 (2d Cir. 1973); *Johnson v. Shreveport Garment Co.,* 422 F.Supp. 526

(W.D.La.1976), *aff'd* 577 F.2d 1132 (5th Cir. 1978). And, as in any lawsuit, the attorney owes a strict duty of loyalty to his or her client and should decline representation of clients with separate interests unless full disclosure has been made to *both* parties, and their consents have been obtained. American Bar Association Code of Professional Responsibility, Canon 5, DR 5–105. In this case, where the court has already found the interests of employees—current or former employees—to be sufficiently different from those of the subclass members to require separate representation and where it would be impossible to obtain the consent of the unknown class members, the court must refuse to designate Ms. Hart as the attorney for the subclass.

Accordingly, the plaintiffs' motion to recertify the subclass of unsuccessful minority applicants is denied.

So ordered.

---

1. It is significant to note that this litigation is further complicated by the fact that Ms. Hart is acting also as the attorney for Ms. Logan-Baldwin, who is counsel for the class of minority employees of the Department. Ms. Hart represents Ms. Logan-Baldwin in various collection suits which Ms. Logan-Baldwin has instituted in state court against several of the class members. The court has yet to assess the impact of these lawsuits upon class certification and will not pass upon the propriety of these actions or their relationship to the lawsuit at this time. It is sufficient to say that the issue raises at least the possibility of further conflicts.