Irvin GILL, Robert Zieglar, Katherine Harris, Marie Fitzhugh, Charles Campbell, Inez Page, Dorothy Dobson, Ravella Floyd, Inez Charles, Evelyn Fairwell, Alice Zealy, George Holmes, Enoch Morrison, Ruby Blackwell, Rosie Lee Sailes, Betty Jo Travis, Dorothy Latham, Luther Robinson, Eladia Fuentes, Velma Williams, Dolores Allen, Vivian Silas, Beatrice Hill, Salena Mathews, Annie Hicks, Harriet Weathers, Linda Gaffney, Grace Rutherford, Doretha Diggs, Stella Holmes McDonald, Daisy Mae Banks, Luz Martinez, Marie Ware, Alberta Ferguson, Sadie Johnson, Individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES; James Reed, Director of Monroe County Department of Social Services; Monroe County Civil Service Commission; Office of Civil Service & Personnel of Monroe County; Fred Lapple, Executive Director, Office of Civil Service & Personnel of Monroe County; Gabriel Russo, Director of Human Resources of Monroe County; Monroe County, New York Department of Social Services; Phillip L. Toia, Commissioner of New York Department of Social Services; New York Department of Civil Service; and Ersa H. Poston, President, New York Department of Civil Service, Defendants.

No. CIV-75-520C.

United States District Court, W. D. New York.

Sept. 29, 1982.

Constance J. Hart and Emmelyn S. Logan-Baldwin, Rochester, N. Y., for plaintiffs.

A. Vincent Buzard, Rochester, N. Y., and Robert Abrams, Atty. Gen. of the State of N. Y., Buffalo, N. Y. (Douglas S. Cream, Asst. Atty. Gen., Buffalo, N. Y., of counsel), for defendants.

CURTIN, Chief Judge.

The defendants in this employment discrimination action have moved to decertify the class of Black and Spanish-surnamed employees of the Department previously certified by this court in June of 1978. *Gill v. Monroe County Department of Social Services,* 79 F.R.D. 316 (W.D.N.Y.1978). This motion to decertify has stirred a great deal of activity, and a great many motions have been filed by all parties. One result of the motion was the decertification of the separate subclass of unsuccessful minority applicants. *Gill v. Monroe County Department of Social Services,* No. 75–520C (W.D.N.Y. March 16, 1981) (order granting decertification of a separate subclass). The subclass members subsequently moved for recertification of the class. The court denied that motion. *Gill v. Monroe County Department of Social Services,* 92 F.R.D. 14 (W.D.N.Y.1981).

This motion to decertify the central class is based upon the defendants' contention that the class representatives cannot adequately represent all members of the class. Specifically, the defendants contend that the named representatives are dissatisfied with the status of the litigation and have been withdrawing from the action, leaving the remaining members unable to finance the cost of the litigation.

Mindful of the duties of the court to ensure the adequacy of the class representation at all times during the litigation, *see Eisen v. Carlisle and Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *Johnson v. Shreveport Garment Co.,* 422 F.Supp. 526 (W.D.La.1976), *aff'd,* 577 F.2d

1132 (5th Cir. 1978), a meeting of named class members was held on April 8, 1981. At the court's direction, counsel for the class explained the current statement of plaintiffs' expenses.

Following the meeting, a number of the named representatives moved for leave to withdraw from the lawsuit. Accordingly, the court issued an order on June 8, 1981, directing that those plaintiffs' requests be granted and that they be allowed to withdraw from the lawsuit as named class representatives to become part of the class of unnamed plaintiffs. Before granting this order, however, the court had a second meeting with those individuals who sought to relinquish their positions as named representatives. Individual conferences were held on April 26, 1981, to discuss the requests to withdraw.

Following those conferences, the defendant Department of Social Services added grounds for its pending motion to decertify, contending that there were extensive conflicts of interest between Ms. Logan-Baldwin and the members of the class she sought to represent. This claim was based upon information about plaintiffs' counsel, Ms. Logan-Baldwin, having taken judgments in Small Claims Court against some of her clients to collect unpaid fees for her services in this case. Furthermore, the Department claimed class representation was inadequate because class representatives included no Spanish-surnamed individuals. This, the Department claimed, would prevent a proper address of the issues which specifically affect Spanish-speaking plaintiffs. These changes occasioned an adjournment of defendants' motion until January of 1982.

Initially, the court rejects the argument that the conflicts between the individual class representatives were so great that the class should be decertified. Certainly, personality differences are inherent whenever a class action is certified. Defendants' position has already been thoroughly addressed by this court, and the possibility of disagreement within plaintiffs' ranks was recognized in the decision creating original certification of the class. At that time, the court stated:

I recognize that some differences exist among the claims of the class members. However, the mere existence of intraclass antagonisms does not automatically defeat a motion to proceed as a class. The test for determining whether class differences jeopardize adequacy of representation under 23(a)(4) has been formulated as follows:

"If there are any intra-class differences which justify a court's refusal to hear a class action, ... those differences must either derive from the fact that some class members have interests for which judicial awareness provides no protection, or which undermine so irreparably the integrity of class representatives that no adjustment of the litigative structure of the class suit can enable the trial judge to obtain a clear view of the class. Differences which do not raise questions as to the very legitimacy of the class action process, however, but merely reflect variances in view as to the proper outcome of a suit, do not provide reason for a court to refuse to hear a class suit. Such differences can be taken into account, and absentee interests thus fairly protected, in the course of the class action itself."

*Gill v. Monroe County Department of Social Services,* 79 F.R.D. at 327 (quoting "Developments in the Law—Class Actions," 89 Harv.L.Rev. 1317, 1490 (1976).

■ Applying this test, it is clear that the alleged antagonisms which exist between the various members of the class are not so serious that the class must be decertified. Instead, examination of the affidavits and memoranda submitted by the County in support of its argument indicates that these conflicts are in the nature of personality conflicts and will have very little impact upon the class suit.

More troublesome is the defendants' contention that the attorney for the plaintiffs is not an adequate class counsel because of the antagonisms between former class

members and Ms. Logan-Baldwin. It is well settled that in a class action, the class attorney has a fiduciary duty to the absent class members. *Cullen v. New York State Civil Service Commission,* 435 F.Supp. 546, 560 (E.D.N.Y.1977). The United States Court of Appeals for the Second Circuit has stated that

> [o]ne accepting employment of counsel in a class action does not become a class representative through simple operation of the private enterprise system. Rather, both the class determination and designation of counsel as class representative come through judicial determinations, and the attorney so benefited serves in something of a position of public trust.

*Alpine Pharmacy, Inc. v. Chas. Pfizer & Co., Inc.,* 481 F.2d 1045, 1050 (2d Cir. 1973).

 In view of the particularly high level of responsibility, the court was most concerned about certain of the actions of Ms. Logan-Baldwin, particularly her taking judgments against the class members in *Small Claims Court.* The defendants contend that these actions alone are grounds for her removal as class attorney because of the conflicts which now exist between Ms. Logan-Baldwin and the members of the class and also because, defendants contend, the individual plaintiffs will refuse to cooperate in the lawsuit.

After careful consideration of the issue, the court concluded that it was in the best interest of all concerned to raise these issues with the individuals against whom judgments have been tendered. Therefore, on March 15, 1982, the court met *in camera* with four of these plaintiffs to discuss their feelings regarding Ms. Logan-Baldwin's continued representation of the action. The transcript of those proceedings has been made a part of the record and sealed.

As a result of this discussion with the individuals concerned, the court is satisfied that the conflicts posited by the Department will not materialize and that the former class representative will not be antagonistic toward the lawsuit and will continue to contribute to whatever extent necessary to ensure its success. The court finds,

therefore, that Ms. Logan-Baldwin is an adequate class attorney, that she has represented and will continue to represent the interests of the lawsuit conscientiously and vigorously. In addition, the court is satisfied that the care of the remaining class representatives will be financially able to support the continued process of the lawsuit.

Finally, there is nothing to indicate that the differences between the Black class members and Spanish-surnamed class members is so substantial that decertification of the class is in order. Rather, the court is satisfied that the named class representatives will adequately represent the claims of the Spanish-surnamed class members.

The defendants' motion to decertify the class is therefore denied.

So ordered.