**Betty LEVINE, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**Leonard BERG, Kenneth Berg, Berg Enterprises, Inc., Martin Newman and Melvin Konwiser, Defendants.**

No. 77 Civ. 5467 (KTD).

United States District Court,
S. D. New York.

June 9, 1978.

Arthur N. Abbey, New York City, for plaintiff by Stephen T. Rodd, New York City, of counsel.

Skadden, Arps, Slate, Meagher & Flom, New York City, for defendants Berg Enterprises, Inc. and Kenneth Berg by Douglas M. Kraus, Richard E. Kummer, New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff has moved for an order, pursuant to Rule 23(c)(1), F.R.Civ.P., certifying this suit as a class action. Defendants Berg Enterprises, Inc. (BEI) and Kenneth Berg have challenged the adequacy of plaintiff Betty Levine's representation and the definition of the putative class.

This action was commenced on November 10, 1977 by plaintiff, a BEI shareholder, purportedly on behalf of herself and all other BEI shareholders similarly situated, against BEI, Kenneth Berg and Leonard Berg, present and former directors and officers of BEI, and Martin Newman and Melvin Konwiser, purchasers of real estate from BEI. The complaint charges defendants with violating Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. 240–10b5, promulgated thereunder, by engaging in a scheme, commencing in November 1972, to artificially inflate the market price of BEI shares. Purportedly in furtherance of this scheme, BEI improperly included in its publicly disseminated statement of its earnings for the first quarter of fiscal 1973, ending September 30, 1972, the profit on the sale of certain real estate to defendants Newman and Konwiser and failed to disclose the true terms and conditions attached thereto. It is also alleged that this improper inclusion and companion non-disclosure is reflected in the financial statements included in a March 23, 1973 prospectus relating to the public offering of 105,000 of BEI shares and contained in the registration statement filed in connection therewith.

Plaintiff alleges that she purchased 100 BEI shares at $17.125 per share on November 20, 1972 and 100 shares at $6.25 per share on July 31, 1973; and that on September 3, 1973 she sold 100 shares at $1.875 per share.[1] She claims that as a result of defendants' acts, she and other putative class members "purchased their shares of Berg Enterprises' stock during the class period at highly inflated prices, and thus have suffered great injury and financial loss . . ." Complaint ¶ 35. She seeks, by this motion, to represent a class numbering over 1,000 members, "composed of those persons who purchased common stock of Berg Enterprise during the period [September][2] 30, 1972 to September 28, 1973 and who have sold such shares at a loss or who have "retained said shares[.]" Complaint ¶ 14(b)(ii). Contending that the requirements of Rule 23(a), F.R.Civ.P. have been met, plaintiff maintains that this action is properly certifiable under Rule 23(b)(3) F.R.

---

1. Broker's confirmation slips produced by plaintiff at her deposition reveal that the correct dates of these purchases were November 13, 1972 and August 7, 1973 rather than November 20, 1972 and July 31, 1973 as alleged in the complaint, and that the sale was transacted on September 3, 1974 and not on September 3, 1973.

2. Although the complaint as well as plaintiff's Memorandum of Law in support of her motion alleges that the putative class period should commence on November 30, 1972, plaintiff's counsel has informed me by letter dated April 14, 1978 that the November date was a "typographical error" and that the class period should run from September 30, 1972. Plaintiff's reply memorandum reflects this request to expand the class.

Civ.P. I find, however, that plaintiff has failed to meet the requirements of Rule 23(a)(3) and (4), and without reaching the other issues raised by this motion, conclude that certification is inappropriate.

Rule 23(a)(3) mandates that the claim or defenses of the named representative be typical of those of the putative class, while Rule 23(a)(4) requires that the representative fairly and adequately protect class interests. This latter requirement appears to encompass the former. See *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562–63 (2d Cir. 1968). To succeed under Rule 23(a)(3) and (4), then, plaintiff must show that her interests are co-extensive with, and not inimical to, those of the proposed class. *Id., Rueckert v. Sheet Metal Workers' International Ass'n*, 77 F.R.D. 409 (S.D.N.Y. 1977); *Robertson v. National Basketball Ass'n*, 398 F.Supp. 867, 898 (S.D.N.Y.1975). Additionally, plaintiff must show that she can vigorously and forthrightly pursue this action. *Tomkin v. Kaysen*, 69 F.R.D. 541 (S.D.N.Y.1976); *Mersay v. First Republic Corp.*, 43 F.R.D. 465 (S.D.N.Y.1968).

Since the complaint is devoid of any factual allegation which would aid plaintiff's position, plaintiff relies on her deposition testimony and her attorney's affidavit attesting to counsel's qualifications and experience. I note that the ability of counsel to competently prosecute the proposed litigation is a necessary component of adequate representation. *Eisen v. Carlisle & Jacquelin, supra,* 391 F.2d at 562. Where, as here, however, plaintiff has failed to demonstrate that she is otherwise an appropriate class representative, the mere fact that she may have engaged qualified counsel is of no moment.[3]

Defendants argue that plaintiff has failed to adduce sufficient facts upon which a finding can be made with regard to the typicality of her claim, largely by virtue of

the fact that plaintiff was unable to recall any of the facts and circumstances prompting her acquisition of BEI shares. Indeed, plaintiff was only vaguely cognizant of the nature of BEI's business, and could not recollect consulting either Standard and Poor's or other reports with respect to BEI. She additionally disclaimed any reliance on her broker's recommendations, if any were given. Most glaring is her testimony regarding her lack of familiarity with any of BEI's publicly filed or disseminated documents and reports, particularly those purportedly including the improper inclusions alleged in the complaint.

On the basis of plaintiff's testimony, I must agree with defendants that it is difficult, if not impossible, to assess the likelihood that plaintiff may be subject to unique defenses, inapplicable to other purported class members, which may vitiate the typicality of her claim. *See, e. g., Greenspan v. Brassler*, 78 F.R.D. 130, 132 (S.D.N.Y. Feb. 14, 1978) (named plaintiff's possible reliance on another's expertise and circumstances surrounding additional purchase raised issues "qualitatively different from [those] of individual reliance inherent in a fraud on the market suit.") I need not engage in speculation, however, for plaintiff not only has failed to demonstrate that her interests are co-terminous with those of the class she seeks to represent but also has succeeded in showing that she is incapable of adequately and fairly protecting those representative interests.

Plaintiff's unfamiliarity with matters relating to her claim permeates her testimony. She testified that although she glanced briefly through the complaint before it was filed, she did not consider it thoroughly until the day prior to the deposition. Even then she was unable to articulate, with any quantum of comprehension, the wrong purportedly practiced upon her and the proposed class. The only aspect of her testimo-

---

**3.** The instant motion is styled as a "Renewed Notice of Motion." Plaintiff originally moved for class certification on January 6, 1978, proffering in support thereof merely her attorney's affidavit which purported to "satisfy the requirements of F.R.Civ.P. 23(a)(4)" solely by

setting forth counsel's "qualifications in the area of federal securities litigation." (Affidavit of Arthur N. Abbey of January 6, 1978 ¶ 3). This motion was "denied without prejudice to its renewal on a proper showing" by endorsement dated February 1, 1978.

ny indicative of her familiarity with the subject matter of this suit was that relating to an article in the *Wall Street Journal* on October 31, 1977, from which she quoted at length. This article reported that the Securities and Exchange Commission was investigating the land transaction of which plaintiff now complains. Plaintiff testified that after reading this article, and cognizant of the "very disappointing" nature of the one BEI shareholder's meeting she attended some years ago, she consulted her attorney for the purposes of commencing this action. She stated:

> I didn't like [BEI] management. I will be honest with you. There was something about them I did not like. I don't recall exactly what it was.

> And that's why when I saw this [article], I was ready to bounce on them.

Levine Deposition, p. 37.

Her attack mounted on defendants, on the alleged behalf of others similarly situated, was commenced some ten days following the publication of that article. Plaintiff's deposition testimony reveals an alarming adversity to unearthing the facts relevant to her claim, as well as a total reliance on her counsel, to whom she "gave . . . the case and . . . figured whatever he had to do, he did." Levine Deposition, p. 43. Indeed, it would appear that the only aid that plaintiff can render counsel is her willingness to act on behalf of a class and bear whatever costs such action might entail. In view of plaintiff's lack of personal knowledge of, and unwillingness to learn about, the facts upon which her complaint is based, and the undue emphasis she has placed on her attorney's ability to investigate and prosecute this suit, the mere fact that plaintiff has brought this suit and is able to bear its costs is of no consequence. *See, e. g., Greenspan v. Brassler, supra*, 78 F.R.D. at 133–34; *Seiden v. Nicholson*, 63 F.R.D. 681, 688–89 (N.D.Ill.1976); *In re Goldchip Funding Co.*, 61 F.R.D. 592, 594–95 (M.D.Pa.1974).

Consequently, plaintiff's motion for class certification is denied.

SO ORDERED.

