Shirley ROTHENBERG, Plaintiff-Appellant,

v.

SECURITY MANAGEMENT CO., INC., Bruce R. Davis, Invesco International Corp., RFH Trust and Sandra B. Davis, Defendants-Appellees.

No. 81–7118.

United States Court of Appeals, Eleventh Circuit.

Feb. 8, 1982.

Robert J. Hipple, Atlanta, Ga., for plaintiff-appellant.

Cotton, Katz & White, J. Michael Lamberth, Atlanta, Ga., for Security Mgt. and Bruce and Sandra Davis.

Slutzky, Wolf & Bailey, Danny C. Bailey, Atlanta, Ga., for RFH.

Smith, Shaw, Maddox, Davidson & Graham, Oscar M. Smith, Rome, Ga., for Invesco.

Before TUTTLE, HILL and JOHNSON, Circuit Judges.

JOHNSON, Circuit Judge:

Plaintiff-appellant Shirley Rothenberg filed a derivative suit against Security Management Co., Inc. (Security), Invesco International Corp. (Invesco) and various members of Security's board of directors alleging violations of state corporate and federal securities laws. The district court determined that the plaintiff did not "fairly and adequately" represent the interests of other similarly situated shareholders, a prerequisite for maintaining a derivative suit under Fed.R.Civ.P. 23.1, and dismissed the suit. We affirm.

Plaintiff and her husband purchased stock in Security in 1972. Between 1974 and 1976, the value of the stock underwent a precipitous decline. As a result of the decrease in value, the Rothenbergs filed both a derivative suit [1] and a suit as individuals [2] against Security. Mrs. Rothenberg

---

1. The complaint filed in the derivative action originally listed Mr. Rothenberg as a plaintiff. Because he disposed of his stock prior to trial, the district court dismissed him as a plaintiff. His dismissal is not at issue on appeal.

2. The suit brought by plaintiffs as individuals contained eight counts. The district court granted a partial summary judgment in favor of Mrs. Rothenberg on one count and dismissed

also instituted a garnishment proceeding on a judgment against the corporation while Security sought declaratory relief against the Rothenbergs in state court. Thus at the time the district court dismissed the derivative action, plaintiff and defendants were entangled in a number of law suits.

■ Defendants sought dismissal of the derivative suit, contending that Mrs. Rothenberg was not a proper plaintiff under Fed.R.Civ.P. 23.1. The district court took cognizance of the fact that Mrs. Rothenberg held only 2.04% of Security's stock and therefore stood to personally recover very little, if anything, from a favorable outcome in the derivative action.[3] Moreover, the court determined that any recovery in the derivative suit would "pale[ ] in comparison with her possibility of recovery" in the suit that she filed as an individual. Accordingly, there existed a possibility that plaintiff could use the derivative suit as "leverage" in order to obtain a favorable settlement in the other actions. The court further em-

phasized that Mrs. Rothenberg lacked any meaningful knowledge about the suit and displayed an unwillingness to learn. Finally, the district court noted that Mrs. Rothenberg's status as a judgment creditor[4] raised the possibility that her interests might be antagonistic to those of the other similarly situated shareholders. Based upon a confluence of these factors, the lower court found that Mrs. Rothenberg was not a proper plaintiff and dismissed the suit.

In reviewing the decision rendered below, we are only free to determine whether the court abused its discretion by granting the motion to dismiss.[5] *Owen v. Modern Diversified Indus., Inc.*, 643 F.2d 441, 443 (6th Cir. 1981); *Honnreich v. Plant Industries*, 535 F.2d 550, 552 (9th Cir. 1976).

■■ Fed.R.Civ.P. 23.1 permits a shareholder to maintain a derivative suit so long as the plaintiff "fairly and adequately represent[s] the interests of the shareholders or members similarly situated ...."[6] The

---

five others. The former Fifth Circuit affirmed the partial summary judgment. 617 F.2d 1149 (5th Cir. 1980), 449 U.S. 954, *cert. denied*, 101 S.Ct. 359, 66 L.Ed.2d 218 (1981). Subsequent to the dismissal of the derivative action, the district court granted a directed verdict in favor of the defendants on the remaining two counts.

3. A shareholder receives no direct benefit from a derivative suit; any recovery belongs to the corporation. Generally, a shareholder will benefit indirectly from the increase in stock value that results from the recovery. In the instant case, however, Security has no assets and is about $400,000 in debt. Unless the recovery in the derivative suit exceeds the corporation's outstanding liabilities, Mrs. Rothenberg will not benefit in any way, even indirectly, from the action.

4. Mrs. Rothenberg obtained a partial summary judgment on one count in the suit she brought as an individual and received an award of over $40,000. She therefore constituted a creditor of the corporation to the extent of the judgment. Since the dismissal of the derivative suit, however, the judgment has been paid, thereby depriving Mrs. Rothenberg of her status as a corporate creditor.

5. Plaintiff contends that the district court dismissed the suit pursuant to a motion for summary judgment and that on review we must simply ascertain whether there are any material facts in dispute. Plaintiff's argument is spu-

rious. The defendants labeled their motion as one for summary judgment and/or motion to dismiss. The district court's order specifically dismissed the suit in accordance with the motion to dismiss. While some statements at the evidentiary hearing indicate that the defendants were primarily concerned with the summary judgment motion, we find the language in the district court's order to be dispositive as to the proper characterization of the dismissal.

6. Fed.R.Civ.P. 23.1 states:

In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege (1) that the plaintiff was a shareholder or member at the time of the transaction of which he complains or that his share or membership thereafter devolved on him by operation of law, and (2) that the action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort. The

district court's determination that Mrs. Rothenberg would not "fairly and adequately" represent Security's other shareholders derived in part from the possibility that she might use the derivative action as leverage to obtain a favorable settlement in other actions brought against the corporation.[7] *See Blum v. Morgan Guaranty Trust Co.*, 539 F.2d 1388, 1390 (5th Cir. 1976) ("the court may take into account outside entanglements that render it likely that the representative [plaintiff] may disregard the interests of the other class members."); *accord, G. A. Enterprises, Inc. v. Leisure Living Commun., Inc.*, 517 F.2d 24, 26–27 (1st Cir. 1975). The possibility that the derivative action will be used as leverage, however, no longer exists. Following the dismissal of the derivative suit but before oral argument on this appeal, the district court directed a verdict in favor of the defendants in the suit filed by plaintiff as an individual.[8] Further, the declaratory judgment action and the garnishment suit have both been terminated. Thus, with the exception of this appeal, all litigation between the parties appears to have ceased. As a result, any danger that Mrs. Rothenberg could or would use the derivative suit as leverage to obtain a favorable settlement in other actions has been eliminated.

Despite our determination that the plaintiff cannot use the derivative suit as lever-age, we nonetheless affirm the district court's ruling.

■ Whether a particular plaintiff will fairly and adequately represent the interests of other similarly situated shareholders as required by Rule 23.1 turns upon the total facts and circumstances of each case. *Davis v. Comed, Inc.*, 619 F.2d 588, 593–94 (6th Cir. 1980). Some of the factors considered by courts include: (1) indications that the plaintiff is not the true party in interest, *e.g., Nolen v. Shaw-Walker Co.*, 449 F.2d 506, 509 (6th Cir. 1971); (2) the plaintiff's unfamiliarity with the litigation and unwillingness to learn about the suit, *e.g., Davis v. Comed, Inc., supra,* 619 F.2d at 593; *Levine v. Berg,* 79 F.R.D. 95, 98 (S.D.N.Y.1978); (3) the degree of control exercised by the attorneys over the litigation, *e.g., In re Com. Oil/Tesoro Pet. Sec. Lit.,* 484 F.Supp. 253, 263 (W.D.Tex.1979); *Levine v. Berg, supra,* 79 F.R.D. at 98; *In re Goldchip Funding Co.,* 61 F.R.D. 592, 594–95 (M.D.Pa.1974); (4) the degree of support received by the plaintiff from other shareholders, *see Schupack v. Covelli,* 512 F.Supp. 1310, 1312 (W.D.Pa.1981); and (5) the lack of any personal commitment to the action on the part of the representative plaintiff, *e.g., Cohen v. Bloch,* 507 F.Supp. 321, 326 (S.D.N.Y.1980).

■ Based upon a combination of the aforementioned factors, we conclude that

---

derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association. The action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the court directs.

**7.** A derivative suit can constitute a particularly effective weapon for purposes of obtaining a favorable settlement in other actions. Corporate board members named in the complaint can be held personally liable for a judgment rendered in the derivative suit. Thus board members may be tempted to settle other suits brought against the corporation in order to avoid the prospects of personal liability in the derivative suit.

**8.** The termination of plaintiff's suit that she brought as an individual and the actions between the parties in state court all occurred after the district court dismissed the derivative action. Normally, an appellate court will not consider facts that were not presented to the district court. *Garcia v. American Marine Corp.,* 432 F.2d 6, 8 (5th Cir. 1970). We are, however, free to take judicial notice of subsequent developments in cases that are a matter of public record and are relevant to the appeal. *Landy v. Federal Deposit Ins. Corp.,* 486 F.2d 139, 151 (3d Cir. 1973) (court entitled to take judicial notice of complaint filed after district court rendered a decision); *Bryant v. Carleson,* 444 F.2d 353, 357 (9th Cir. 1971) (court entitled to take judicial notice of case developments occurring after district court's ruling, including subsequent filings, motions and orders); *see also United States v. Verlinsky,* 459 F.2d 1085, 1089 (5th Cir. 1972). Accordingly, we take judicial notice that the aforementioned cases have been adjudicated or terminated.

Mrs. Rothenberg would not fairly and adequately represent the interests of the other shareholders. The district court found that Mrs. Rothenberg lacked any understanding of the nature of the derivative suit and displayed an unwillingness to learn, a conclusion abundantly supported by the record. In a series of exhaustive depositions, Mrs. Rothenberg acknowledged that the complaint was not filed at her request. She repeatedly testified that she had no personal knowledge concerning a significant portion of the factual basis of the complaint. Any familiarity with the facts or allegations in the complaint that she did have derived largely from conversations with her attorney.[9] Mrs. Rothenberg admitted that she had not read the amendment to the complaint and had no personal knowledge concerning the facts in the amendment. As to damages, she initially testified that her objective in both the derivative suit and the suit filed as an individual was the same—to recover her personal losses incurred in connection with the purchase of Security's stock. Thus she originally brought the suit for her own personal benefit and not the benefit of the corporation. Moreover, it appears that the plaintiff had no clear understanding that a recovery in a derivative suit went to the corporation and only indirectly benefited shareholders by increasing the value of the stock.[10] Throughout the series of depositions, but particularly in the first two, Mrs. Rothenberg repeatedly pleaded a lack of knowledge or absence of memory in response to questions concerning either the facts or the legal issues raised in the complaint. Finally, Mrs. Rothenberg admitted that her lack of personal knowledge about the facts of the case rendered her unable to fairly and adequately represent the interests of Security in the derivative suit.[11]

The record clearly demonstrates that Mrs. Rothenberg remained unaware of the facts and issues involved in the derivative suit. Even she acknowledged that her lack of personal knowledge made her an inappropriate plaintiff to maintain the suit. Further, she displayed an obvious unwillingness to learn about the suit by not acquiring more than a rudimentary understanding of the case. Mrs. Rothenberg apparently had little to gain from the suit, see note 3, *supra*, and, perhaps not surprisingly, displayed no strong commitment to the action. The record also reveals that, with one possible exception, no other shareholders of Security evidenced any support for the derivative action.[12] All of these factors indicate that Mrs. Rothenberg would not fairly and adequately represent the other similarly situated shareholders. Accordingly, we conclude

9. On a number of occasions, Mrs. Rothenberg admitted having no personal knowledge about portions of the complaint, claimed that any knowledge she might have came from her attorney and refused to answer questions on the basis of her "attorney-client" privilege. She further stated that the only person with knowledge of the facts was her attorney.

10. Admittedly, by the third deposition, Mrs. Rothenberg obtained a rudimentary understanding of the nature of a derivative suit. Responding largely to leading questions, she testified that a recovery in a derivative suit went to the corporation. Her grasp of the issues and facts, however, remained at best minimal. As the district court noted, by the third deposition she "still ha[d] almost no knowledge of the substance of the derivative action and ... her main concern [was] to recover the *personal* loss sustained by she [sic] and her husband ...." Moreover, any increased awareness on her part appears to have resulted from conversations with her attorney a few days prior to the deposition. Mrs. Rothenberg testified that her only preparation for the deposition consisted of a meeting with her attorney on the Monday before the deposition.

11. The following colloquy took place between Mrs. Rothenberg and counsel for one of the defendants.
   ATTORNEY: [Mrs. Rothenberg, with] your limited personal knowledge of the facts in this case, the facts that support the bases for the complaint and which form the basis for the relief sought in the complaint, do you feel honestly that you can fairly and adequately represent [Security] in this case? I want you to think about that question. I don't want you to guess or speculate. I want you to think about it, and answer it honestly. Do you think that you can fairly and adequately represent [Security] in this case?
   MRS. ROTHENBERG: I don't think so.

12. The only indication in the record of any support for the derivative suit from other Security shareholders appears to be statements by counsel at the evidentiary hearing that an-

that the district court did not abuse its discretion by dismissing plaintiff's derivative action.

In rendering our decision, we do not mean to infer that a representative plaintiff must have a precise understanding of every fact or legal issue in a derivative suit. Nor do we intimate that a plaintiff will sacrifice his/her status as a representative plaintiff by granting an attorney broad discretion to investigate and pursue a claim. The facts in this appeal are extreme. We simply conclude that plaintiff's almost total lack of knowledge about the facts of the case, her inability to comprehend the nature of the suit two years after the filing of the complaint, her apparent lack of personal commitment to the suit, repeated indications that her ultimate goal was to recover personal losses, and the likelihood that she would not gain significantly from a favorable judgment, coupled with the almost unbridled discretion given plaintiff's attorney to investigate and pursue the derivative suit and the absence of any appreciable support from other shareholders, collectively demonstrate that she is an improper plaintiff for purposes of Rule 23.1.

AFFIRMED.

other shareholder was prepared to intervene in the event the district court dismissed Mrs. Rothenberg as a representative plaintiff.