Norman KAMERMAN, on behalf of himself and all others similarly situated, Plaintiff,

v.

Saul STEINBERG, Reliance Group Holdings, Inc., Reliance Group Inc., Reliance Group Financial Services Corp., and Reliance Insurance Company, Defendants.

LEXIM INVESTORS CORP. and Dohsa Anstalt Corp., on behalf of themselves and all others similarly situated, Plaintiff,

v.

Saul STEINBERG, Reliance Group Holdings, Inc., Reliance Group Inc., Reliance Financial Services Corp., and Reliance Insurance Company, Defendants.

Shirley BROWN and Edward Rosen, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Saul STEINBERG, Reliance Group Holdings, Inc., Reliance Group Inc., Reliance Group Financial Services Corp., and Reliance Insurance Company, Defendants.

Barnett STEPAK, on behalf of himself and all others similarly situated, Plaintiff,

v.

Saul STEINBERG, Reliance Group Holdings, Inc., Reliance Group, Inc. Reliance Group Financial Services Corp., and Reliance Insurance Company, Defendants.

Nos. 84 Civ. 4440(CBM), 84 Civ. 4550(CBM), 84 Civ. 4654(CBM) and 84 Civ. 4665(CBM).

United States District Court, S.D. New York.

Sept. 9, 1986.

Kaufman, Malchman, Kaufman & Kirby by Irving Malchman, New York City, for plaintiff Kamerman.

Wolf, Halderstein, Adler Freeman & Herz by Jeffrey Smith, New York City, for plaintiffs Brown and Rosen.

Abbey & Ellis by Arthur Abbey, New York City, for plaintiff Stepak.

Delson & Gordon by Francis J. Purcell, New York City, for plaintiffs Lexim Investors & Dohsa Anstalt Corp.

Paul, Weiss, Rifkind, Wharton & Garrison by Allan Blumstein, New York City, for "Reliance" defendants and defendant Steinberg.

## OPINION

MOTLEY, Chief Judge.

Plaintiffs, Norman Kamerman, Barnett Stepak, Shirley Brown Edward Rosen, Lex-

im Investors Corp. and Dosha Anstalt Corp. have brought these actions against defendants, Saul Steinberg, Reliance Group Holdings, Reliance Financial Services Corp., and Reliance Insurance Company, (The "Reliance Defendants"), alleging that defendants violated Rule 10b–5 of the Securities and Exchange Act of 1934 in connection with their purchase of shares of stock of Disney Corporation in the period between March 29 and June 11, 1984.[1] Plaintiffs allege that defendants made a material misrepresentation on the Schedule 13(d) filed with the SEC and amendments thereto in stating that their intention in purchasing the Disney stock was to take over the company. Plaintiffs assert that defendants actually purchased the securities with the intent of later reselling them to Disney at a premium above the market price.

Plaintiffs, who were shareholders of Disney at the time that defendants announced their plans to resell their shares to the corporation, allege that they were damaged by this material misrepresentation. Plaintiffs have moved for class certification, pursuant to Fed.R.Civ.P. 23. Defendants oppose class certification on the ground that the named plaintiffs cannot adequately represent the class because of their lack of diligence and because of a conflict of interest between the class action and the shareholder derivative action brought by plaintiffs Kamerman and Stepak. In addition, defendants cross-move to dismiss the complaints pursuant to Fed.R.Civ.P. 9(b) for failure to plead fraud with particularity. Defendants also move to dismiss pursuant to Fed.R.Civ.P. 11 and for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). This action is now before the court on the parties' motions.

DISCUSSION

I. *Defendants' Motion to Dismiss Pursuant to Rule 9(b)*

■ Defendants move to dismiss plaintiffs' complaints on the ground that they have failed to allege fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. The elements of a cause of action for fraud are: 1) a material misrepresentation or omission; 2) scienter; 3) reliance on the misstatement or omission; and 4) resulting detriment. *Mallis v. Bankers Trust Co.,* 615 F.2d 68 (1980), *cert. denied,* 449 U.S. 1123, 101 S.Ct. 938, 67 L.Ed.2d 109 (1981). Rule 9(b) provides in relevant part, that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Defendants contend that plaintiffs' complaints do not satisfy the requirements of Rule 9(b) because the circumstances surrounding the purported fraud are pleaded on information and belief.

■ The rule in this Circuit with respect to allegations of fraud is that matters peculiarly within the opposing party's knowledge may be pleaded upon information and belief. This Circuit has held that allegations based upon information and belief are sufficient if accompanied by a statement of facts upon which the belief is founded. *Schlick v. Penn-Dixie Cement Corporation,* 507 F.2d 374 (2d Cir.1974), *cert. denied,* 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975). Thus, the mere fact that plaintiffs have pleaded certain matters upon information and belief is an insufficient basis for dismissal of the complaint.

■ Although defendants make much of the fact that plaintiffs have not stated facts upon which their belief is based with respect to defendants' intent, Rule 9(b) specifically states that matters of intent may be averred generally. Thus, defendants' resort to *Brayton v. Ostrau,* 561 F.Supp. 156 (S.D.N.Y.1983) does not aid their motion to dismiss. In *Brayton,* the court found that plaintiffs' complaint failed to satisfy the requirements of Rule 9(b) be-

1. These actions were consolidated by order of this court dated August 27, 1984.

514

cause it did not allege with specificity the misrepresentation or omission claimed to have been made by the defendants. By contrast, the complaints at issue in the instant case document the defendants' purported misstatements.

■ An examination of plaintiffs' complaints in these actions demonstrates that they are sufficient to withstand a motion to dismiss for failure to comply with Rule 9(b). Plaintiffs allege that defendants made material misstatements in the Schedule 13(d) filed with the SEC on March 29, 1984 and in the amendments filed April 3, April 10 and April 12, 1984. Specifically, plaintiffs allege that the statements in those amendments that the purpose of defendants' purchases was passive investment misrepresented defendants' actual intent. In addition, plaintiffs allege that the amendments to the Schedule 13(d) filed by defendant on May 29, May 30, and June 8, 1984 contained material misrepresentations because they stated that defendants intended to seek control of Disney Corporation. As previously noted, plaintiffs allege that defendants never intended to seek control of Disney, but rather that defendants' intended to artificially inflate the price of Disney stock in order to make a profit.

Plaintiffs have thus alleged all of the elements of fraud with sufficient particularity to withstand a motion to dismiss pursuant to Rule 9(b). Plaintiffs have detailed the alleged material misrepresentations made by defendants, defendants' intent that those misstatements be relied upon by the purchasing public to artificially inflate the price of the Disney stock; reliance by plaintiffs on the misrepresentations and resulting detriment. Defendants' motion to dismiss for failure to plead fraud with particularity is denied.

## II. *Defendant's Motion to Dismiss Pursuant to Rule 11*

■ Defendants have moved to dismiss plaintiffs' actions pursuant to Rule 11, alleging that plaintiffs have all failed to investigate the basis for their complaints.

Rule 11 of the Federal Rules of Civil Procedure provides, in relevant part, that

"the signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law ...".

In the instant case, defendants' only basis for asserting that plaintiffs have violated Rule 11 is their argument that plaintiffs did not sufficiently investigate the bases for their claims against defendant. A review of plaintiffs' complaints belies this claim. The Brown and Rosen complaints specifically plead reliance on news articles which appeared in *The Wall Street Journal* on May 29, 1984 and June 7 or 8, 1984. The complaints also allege reliance on public documents, such as SEC filings. During their depositions, each of the plaintiffs reiterated that their belief that defendants sought to artificially inflate the price of Disney stock was based upon their examination of news reports.

Defendants argue that plaintiffs' reliance on information from newspaper articles does not meet the threshold required by Rule 11. *See, In re Ramada Inns Securities Litigation,* 550 F.Supp. 1127 (D.Del.1982) (reliance on newspaper articles insufficient to support a "fraud by hindsight claim"). However, in *In re Ramada Inns,* the court found that reliance on articles from *The Wall Street Journal* would satisfy the requirements of Rule 11 with respect to allegations that defendants failed to state material facts in violation of Rule 10b–5. The court in *Ramada Inns, supra,* stated that reliance on newspaper articles was insufficient to sustain a claim of "fraud-by-hindsight" where plaintiffs had shown no evidence of wrongdoing or profit by defendants. This is clearly distinguishable from the instant case where defendants garnered a substantial profit from their resale of Disney stock.

Defendants also argue that the newspaper articles relied upon by plaintiffs in the instant case do not constitute adequate investigation for purposes of Rule 11 because the articles in the instant case were published prior to the consummation of the buy-back arrangement. Defendants point to the fact that the articles which plaintiffs purportedly relied on were concerned with defendants' possible takeover of Disney. Thus, defendants argue, the articles do not support plaintiffs' fraud claims because they do not contain any material misrepresentations. Defendants' argument misses the mark, however. Plaintiffs' contention is that defendants' initial intention was to artificially inflate the price of Disney stock by creating rumors of a possible takeover and then resell the stock at a premium. Thus, the articles from *The Wall Street Journal* are evidence of the material misrepresentations upon which plaintiffs may have relied. Therefore, reliance on the newspaper articles cited is sufficient to meet the requirements of Rule 11. Defendants' motion to dismiss pursuant to Rule 11 is hereby denied.

### III. *Defendants' Motion for Judgment on the Pleadings*

Defendants have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. This motion is based upon defendants' contention that plaintiffs' complaints violate Rule 11 and fail to plead fraud with sufficient particularity as required by Rule 9(b). As previously stated, however, defendants' arguments with respect to Rule 11 are without merit. Therefore, defendants are not entitled to judgment on the pleadings. Defendants' motion for judgment on the pleadings is hereby denied.

### III. *Plaintiffs' Motion for Class Certification*

Plaintiffs move for class certification pursuant to Fed.R.Civ.P. 23. Rule 23 provides that class actions may be brought only if:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In the instant case, plaintiffs Kamerman, Lexim Investors and Dohsa Anstalt have proposed certification of a class consisting of all persons who purchased Disney stock between March 29 and June 11, 1984, in reliance on the belief that a tender offer was to be made for Disney Corporation. Plaintiffs Brown, Rosen and Stepak have proposed certification of a class consisting of all persons who purchased Disney stock between May 29, 1984 and June 11, 1984. They have also moved for the certification of a subclass consisting of all persons who purchased Disney securities on June 11, 1984. Both of the proposed classes, as well as the proposed subclass certainly meet the numerosity requirement of Rule 23(a)(1), since the persons in those classes number in the thousands.

Although the defendants do not contest that the requirements of Rule 23(a)(1)–(3) are met, they assert that plaintiffs' motion for class certification should be denied because the named plaintiffs cannot demonstrate that they will fullfill the requirement of Rule 23(a)(4), that they could fairly and adequately protect the interests of the class. Specifically, defendants assert that the plaintiffs did not demonstrate sufficient diligence in investigating the basis for their complaints, and that plaintiffs Kamerman and Stepak cannot satisfy Rule 23(a)(4) because there is a conflict of interest between their serving as class representatives in the instant case and maintaining a shareholder derivative action.

### A. *Conflict of Interest of Plaintiffs Kamerman & Stepak*

The standard for satisfying the requirements of adequate representation under Rule 23 was set out by the Second Circuit

in *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555 (2d Cir.1968), *vacated and remanded on other grounds,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Those requirements are that the attorney representing the putative class be experienced and qualified to handle the litigation and that the named plaintiff not have interests that are antagonistic to those of the class members as a whole.

■ In the instant case, defendants assert that plaintiffs Kamerman and Stepak have interests that are antagonistic to the class members as they are plaintiffs in a shareholder derivative action arising out of these same transactions. Defendants cite *Ruggiero v. American Bioculture,* 56 F.R.D. 93 (S.D.N.Y.1972) in support of the proposition that this presents an impermissible conflict, since in the class action plaintiffs are asserting the interests of persons who are no longer shareholders of Disney, while the derivative action seeks recovery on behalf of those who retain an equity interest in the corporation. Courts in this jurisdiction have recognized that suing in both an individual and derivative capacity presents a substantial potential for conflict. *See, Petersen v. Federated Development Co.,* 416 F.Supp. 466, 475 n. 6 (S.D.N.Y. 1976) (commenting that the potential conflict mandates that a plaintiff choose between his individual interests and those of the corporation).

Kamerman and Stepak assert, however, that no conflict is posed by their dual status as plaintiffs in a derivative and class action. In *Kane Associates v. Clifford,* 80 F.R.D. 402 (E.D.N.Y.1978), the court permitted class certification despite the fact that the representative plaintiffs were bringing a derivative action as well as a class action. Similarly, plaintiffs in the instant case argue that no detriment will be caused by the simulataneous prosecution of both actions, since Walt Disney is not named as a defendant in this present action arising under federal securities laws. However, *Kane* is distinguishable from the instant case in that the corporation which was the nominal defendant in the share-

holder derivative action in that case had been liquidated and its assets distributed. Therefore, the court in *Kane* concluded that there was no conflict presented by the prosecution of the two actions since the derivative claims sought "to do no more than fill the coffers of SNB so that any class action recovery [might] be meaningful." *Kane* at 408. Thus *Kane* does not afford the plaintiffs any support for their argument.

Plaintiffs also cite *Hurwitz v. R.B. Jones Corp.,* 76 F.R.D. 149 (W.D.Mo.1977) in support of their contention that simultaneous prosecution of the two actions does not present a conflict of interest. In *Hurwitz,* plaintiffs brought a shareholder derivative action and a class action on behalf of themselves. The corporation was not named as a defendant in the class action. Defendants in *Hurwitz* asserted that plaintiffs in that case would not adequately represent the class because of their failure to name the corporation as a party defendant. The court in *Hurwitz* held that this did not present a conflict since this failure to name the corporation would not jeopardize the potential recovery available to the plaintiffs. Similarly, in the instant case, plaintiffs argue that defendants have sufficient assets to compensate plaintiffs in both actions, should they prevail. Plaintiffs' mere assertion is insufficient to dispel the doubt that recovery in the class action may reduce potential recovery in the derivative action. Prosecution of both a derivative and class action by plaintiffs Kamerman and Stepak presents an impermissible conflict of interest similar to that which arose in *Petersen v. Federated Development Co.,* 416 F.Supp. 466 (S.D.N.Y.1976). Defendants' motion to deny class certification with respect to plaintiffs Kamerman and Stepak is hereby granted.

B. *Plaintiffs' Diligence in Investigating the Basis of the Action*

■ With respect to plaintiffs Brown, Rosen, and corporate plaintiffs, Lexim Investors and Dosha Anstalt, defendants assert that they cannot satisfy the require-

ments of Rule 23(a)(4) because they have not demonstrated sufficient diligence in investigating the bases of their causes of action. Defendants assert that Rule 23 requires more than mere reliance on skilled attorneys or random newspaper articles. Defendants allege that in the instant case, plaintiffs are unable to demonstrate any independent knowledge of the bases of their complaints. The standard for fair and adequate representation in this Circuit requires that the plaintiff seeking class certification demonstrate a thorough familiarity with the underlying basis for his cause of action and a capacity to vigorously prosecute on behalf of the class. *Eisen v. Carlisle & Jacquelin, supra.*

■ In *Greenspan v. Brassler,* 78 F.R.D. 130 (S.D.N.Y.1978), the court denied class certification in an action where the plaintiffs demonstrated an "alarming unfamiliarity with the suit," *Greenspan* at 133. Defendants in the instant case assert that plaintiffs Brown and Rosen have demonstrated a comparable level of unfamiliarity which requires the denial of class certification.

Defendants point to the fact that during her deposition, plaintiff Brown stated that she had no evidence to support the statements in her complaint and that she simply had an intuitive feeling that the allegations were true. In addition, defendants assert that plaintiff Brown's deposition testimony contradicted her own complaint. A thorough reading of Brown's deposition testimony, however, reveals that Brown was a fairly sophisticated investor who stated that she decided to institute a legal action as soon as she learned of Steinberg's plan to resell his shares to Disney. Thus, defendants have failed to establish that plaintiff Brown has not demonstrated sufficient diligence to represent the plaintiff class.

Defendants also assert that plaintiff, Edward Rosen, had no factual basis for the allegations of fraud contained in his complaint. Although Rosen acknowledged that he had no personal knowledge regarding Steinberg's intent, he stated that he thought that a logical inference could be drawn from Steinberg's conduct that he never intended to consummate a tender offer for Walt Disney Productions. Rosen's information regarding defendants' course of conduct was drawn from newspaper articles in the Wall Street Journal and The Philadelphia Inquirer, as well as from discussions with his broker. In *In re Ramada Inns Securities Litigation,* 550 F.Supp. 1127 (D.Del.1982), the court stated that reliance on newspaper articles was not necessarily insubstantial investigation.

All of the cases cited by defendants which denied class certification on the basis of a failure to meet the requirements of Rule 23(a)(4) have demanded a much greater showing of inability to provide fair and adequate representation than is present in the instant case. In *Greenspan v. Brassler,* 78 F.R.D. 130 (S.D.N.Y.1978), the court did not rely solely on plaintiffs' unfamiliarity in denying class certification. Plaintiffs in that case had failed to allege reliance on defendants' purported misrepresentations and omissions. The court stated that this failure was indicative of a lack of typicality of plaintiffs' claims, a separate factor rendering them inadequate class representatives.

In *Weisman v. Darneille,* 78 F.R.D. 671 (S.D.N.Y.1978), the court denied class certification to a plaintiff who had been convicted of securities fraud and who had failed to meet with his counsel in the ten months between the filing of his action and his first deposition. Similarly, in *Levine v. Berg,* 79 F.R.D. 95 (S.D.N.Y.1978), the court denied class certification to a plaintiff who demonstrated a "lack of personal knowledge of, and unwillingness to learn about, the facts upon which her complaint is based," *Levine* at 98. None of the plaintiffs in the instant case have manifested the level of unfamiliarity demonstrated by the plaintiffs in the above-cited cases.

Similarly, an examination of the deposition testimony of Abe Chodas, a director and officer of both Lexim Investors and Dohsa Anstalt, reveals that his determination to bring an action against defendants

**518**

was based upon sufficient investigation to satisfy the requirements of Rule 23(a)(4).

Defendants also move to deny certification of the sub-class proposed by plaintiffs Brown and Rosen, asserting that certification must be limited to similarly situated shareholders.

In addition, plaintiffs Kamerman, Lexim Investors and Dohsa Anstalt oppose certification of a subclass proposed by plaintiffs Rosen, Brown and Stepak. Plaintiffs base their opposition to certification of the subclass on the contention that the subclass complaint is based upon erroneous facts.

Plaintiffs Brown, Rosen and Stepak have not adequately responded to these contentions in their papers beyond the conclusory statement that their proposed class has an accurate factual basis. The court must note, however, that the opposition of one set of plaintiffs to another's class certification motion does not augur well for the ability of the plaintiffs to cooperate in the prosecution of this action.

Despite the fact that plaintiffs have demonstrated adequate diligence in investigating the bases of their complaints, class certification must be denied. The entire process of seeking class certification in these actions has been marked by internecine battles among plaintiffs' counsel for the designation of lead counsel.[2] Given the inability of plaintiffs to cooperate even at the pretrial stage, it is difficult to determine how they will serve as adequate class representatives. The court takes judicial notice of the fact that several other actions involving the aborted Disney takeover are pending, both in this court and in other district courts in California. Therefore, denial of class certification in this instance will not leave Disney shareholders without an opportunity to vindicate their claims. Defendants' motion to deny class certification to the named plaintiffs in these consolidated actions on the ground that plaintiffs will not adequately represent the class is hereby granted.

2. Counsel for the various named plaintiffs sent letters to the court during March of 1984 each

In conclusion, defendants' motions to dismiss for failure to comply with Rules 9(b) and 11 of the Federal Rules of Civil Procedure are hereby denied. Defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is hereby denied. Plaintiffs' motions for class certification are hereby denied. The actions are to proceed as consolidated actions.

arguing for designation as lead counsel.