513 So.2d 1347 (1987)
Rehavam ADIEL and Rivka Rosenbaum, Individually and Collectively On Behalf of EFS, Inc., Appellants,
v.
ELECTRONIC FINANCIAL SYSTEMS, INC., Jack W. Cox, William R. Fusselman and Edgar D. Schraub, Appellees.
No. 87-268.
District Court of Appeal of Florida, Third District.
October 13, 1987.
Rehearing Denied November 17, 1987.
Nortman & Bloom and William Nortman, Miami, for appellants.
Akerman, Senterfitt & Eidson and Stanley H. Wakshlag; Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel and Kendall B. Coffey and Janet L. Humphreys, Miami, for appellees.
Before BARKDULL, NESBITT and BASKIN, JJ.
PER CURIAM.
We affirm the trial court's order disqualifying both Rehavam Adiel and Rivka Rosenbaum from acting as representative plaintiffs in this shareholder derivative action. A trial court's determination as to the qualifications of plaintiffs to adequately represent a class of shareholders in a shareholders' derivative action will not be disturbed on appeal absent a showing of a clear abuse of discretion. See Rothenberg v. Security Management Co., *1348 667 F.2d 958 (11th Cir.1982); Owen v. Modern Diversified Indus., Inc., 643 F.2d 441 (6th Cir.1981); Hornreich v. Plant Indus., Inc., 535 F.2d 550 (9th Cir.1976); cf. Malchman v. Davis, 761 F.2d 893 (2d Cir.1985) (whether plaintiff's representation in anti-trust class action suit is adequate is within the sound discretion of the trial court), cert. denied, 475 U.S. 1143, 106 S.Ct. 1798, 90 L.Ed.2d 343 (1986). The trial court was well within its discretion in determining that Adiel's attempts to cajole the board of directors of Electronic Financial Systems, Inc. into effectuating a merger with a corporation he controlled demonstrated that his motivation in pursuing the suit was inimical to the interests of the shareholders and made him an improper party to maintain this action. See Davis v. Comed, Inc., 619 F.2d 588 (6th Cir.1980); Blum v. Morgan Guar. Trust Co., 539 F.2d 1388 (5th Cir.1976); G.A. Enters v. Leisure Living Communities, Inc., 517 F.2d 24 (1st Cir.1975); Nolen v. Shaw-Walker Co., 449 F.2d 506 (6th Cir.1971); Roussel v. Tidelands Capital Corp., 438 F. Supp. 684 (N.D.Ala. 1977). Likewise, the trial court did not abuse its discretion by finding that Rosenbaum, Adiel's elderly aunt, was acting under Adiel's direction and is, therefore, also an improper party to bring the action. See Nolen, 449 F.2d at 506. Accordingly, we affirm the trial court's order disqualifying both Rehavam Adiel and Rivka Rosenbaum from pursuing this shareholder derivative action.