STEVENSON, J.
This appeal stems from a taxpayer’s suit brought to challenge the legality of a contract entered into between Broward County and Arena Development Company, Ltd. for the construction of the $185 million Broward County Civic Arena, now known as the National Car Rental Center and the home of the Florida Panthers, a National Hockey League team. The plaintiffs, an individual and various companies involved in construction-related enterprises, seek review of a final order dismissing the suit following the trial court’s ruling that the plaintiffs had demonstrated themselves “unfit to act as fiduciaries.” We affirm because we find no abuse of discretion in the trial court’s decision to disqualify all of the appellants as appropriate taxpayer representatives for the purposes of this cause of action.
Construction of the Arena commenced in November of 1996. The lawsuit was brought in April of 1997 by Allied Minority Contractors Association, Inc., South Florida Chapter of NAMC, Overnight Success Construction, Inc., Reed Jr. Plumbing, Inc. and Christopher Mallard. All of the plaintiffs are Broward County taxpayers and both Overnight Success and Reed Jr. Plumbing are certified small disadvantaged business enterprises. Essentially, the complaint alleged that the contract was awarded in violation of state competitive bidding laws and the Broward County Procurement Code. The plaintiffs sought a declaration that the June 1996 contract was illegal, injunctive relief preventing further construction of the Arena with the taxpayers’ money, repayment by Arena Development Company, Ltd. (“ADC”) to the public treasury of all funds disbursed to it pursuant to the contract, and a general claim for compensatory damages.
On June 4, 1997, the plaintiffs sent a settlement demand to both Broward County and ADC, which read:
We do not have a desire to stop or delay the Broward Civic Arena project; however, our clients feel that they have been wrongfully denied a significant opportunity to participate in the upper echelon of the construction hierarchy where the real profits lay. Without getting into an argument as to who is right and who is wrong, we are sending you a rough draft of our memorandum of law in support of our claim. Obviously, in order for a case such as this to settle, we need to find some common ground. While our chance of succeeding in obtaining any monetary compensation is very slim, our chance of restraining any further development and obtaining an order requiring the Arena Development Company, Ltd. to disgorge itself of all prior payment is great. Therefore, we [are] demanding $5,000,000.00 to settle this matter.
It is this letter which serves as the basis for the trial court’s disqualification of the *527 plaintiffs and subsequent dismissal of the suit. Specifically, the trial court wrote:
It is indisputable that Plaintiffs have, at all times in this lawsuit, purported to represent the interest of taxpayers in them stated objective to recover monies on behalf of Broward County. It is impossible to reconcile Plaintiffs’ attempt to recover monies for the benefit of the Broward County treasury, with them demanding to be paid $5,000,000 by Broward County, as well as ADC. In summary, Plaintiffs’ admitted willingness to sacrifice the public interest solely for their own personal gain is inconsistent with their ability to maintain such a taxpayer action.
We concur in the trial court’s observations and conclusions.
While there is ample authority in Florida recognizing the right to bring a taxpayer’s suit against a governmental entity, the parties have not cited and we have found no Florida precedent directly addressing whether the plaintiff in a taxpayer’s suit owes a duty of fidelity to the taxpayers — the unnamed plaintiffs whose interests the lawsuit is in reality intended to vindicate. Although appellants do not seem to seriously challenge this rather obvious conclusion, we write to clarify that a plaintiff in a taxpayer’s suit must be an appropriate representative and owes at least a minimal duty of fidelity to the taxpayers, on whose behalf the suit is brought and standing procured. Where, as here, a plaintiff in a taxpayer’s suit seeks personal recompense in absolute disregard of the interests of the taxpayers as a whole, that duty of fidelity is breached.
There is authority in other jurisdictions for the proposition that a taxpayer’s suit is brought in a representative capacity, akin to the nature of a shareholder’s derivative suit, and gives rise to a fiduciary duty on the part of the plaintiff to other taxpayers. For example, in Gram v. Village of Shoreview, 259 Minn. 145, 106 N.W.2d 553 (1960), in the context of reviewing the dismissal of a taxpayer’s suit for failure to post a surety bond, the Minnesota Supreme Court described a taxpayer’s suit in the following manner:
By analogy, the right of a taxpayer to maintain such suit is based on the same principles as the right of a stockholder in a private corporation to bring an action against the corporation or its officers to protect the corporate assets from the illegal and fraudulent acts of its officers.
Id. at 557. The court in Gram v. Village of Shoreview noted that while describing the fundamental essence of a shareholder’s derivative action, the United States Supreme Court in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 549, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), said that:
“[A] stockholder who brings suit on a cause of action derived from the corporation assumes a position, not technically as a trustee perhaps, but one of a fiduciary character. He sues, not for himself alone, but as representative of a class comprising all who are similarly situated. The interests of all in the redress of the wrongs are taken into his hands, dependent upon his diligence, wisdom and integrity.”
106 N.W.2d at 557; see also Niklaus v. Abel Constr. Co., 164 Neb. 842, 83 N.W.2d 904, 910 (1957)(“In a taxpayer’s action potentially all of the taxpayers and citizens are parties.”) (citations omitted).
Accordingly, we hold that the trial court acted well within its discretion in finding that, here, the plaintiffs breached their fiduciary duty and were subject to disqualification. Cf. Adiel v. Electronic Fin. Sys., Inc., 513 So.2d 1347, 1348 (Fla. 3d DCA 1987)(finding no abuse of discretion in trial court’s disqualification of plaintiffs in a shareholder’s derivative suit where attempt to “cajole the board of directors ... into effectuating a merger with a corporation he [plaintiff] controlled demonstrated that his motivation in pursuing the suit was inimical to the interests of the shareholders”).
*528 In this appeal, appellants also challenged several interlocutory rulings made by the trial court, including orders disqualifying counsel in the lawsuit and denying appellants’ motions for substitution of parties and for partial summary judgment. We have carefully considered these other issues raised and, to the extent that they have not been rendered moot by the primary holding in this case and the August 1998 completion of the Arena, we find no error.
AFFIRMED.
STONE and KLEIN, JJ., concur.