Anthony P. DESIMONE and Lucy Maddaloni, Plaintiffs,

v.

INDUSTRIAL BIO-TEST LABORATO-RIES, INC., Albert Bowers, Ralph I. Dorfman, George Rosenkranz, Richard Rogers, Kenneth Carter, Syntex Corporation, Syntex (U.S.A.) Inc., David H. Hanlon, Nicholas P. Vida, Burton L. Rogers and Alexander D. Cross, Defendants.

Henry LLOYD, Plaintiff,

v.

INDUSTRIAL BIO-TEST LABORATO-RIES, INC., Albert Bowers, Ralph I. Dorfman, George Rosenkranz, Richard Rogers, Syntex Corporation, Syntex (U.S.A.) Inc., Burton L. Rogers and Alexander D. Cross, Defendants.

Nos. 77 Civ. 3506 (LFM), 77 Civ. 5823 (LFM).

United States District Court, S. D. New York.

Oct. 11, 1978.

See also D.C., 454 F.Supp. 807.

Rabin & Silverman by Allan K. Peckel, New York City, for plaintiff Lloyd.

Simpson, Thacher & Bartlett by Michael V. Corrigan, New York City, Chadwell, Kayser, Ruggles, McGee & Hastings, Ltd., Chicago, Ill., for defendant Industrial Bio-Test Laboratories, Inc.

Holtzmann, Wise & Shepard by David R. Foley, New York City, Shea, Gould, Climenko & Casey by Milton S. Gould, Richard F. Czaja and Harvey J. Goldschmid, New York City, for defendants other than Industrial Bio-Test Laboratories, Inc.

## OPINION

MacMAHON, District Judge.

Plaintiff, Lloyd, renews his motion in this consolidated action for certification of his action as a class action. Rule 23(c), Fed.R. Civ.P.

Plaintiff commenced this action on December 2, 1977 for damages for alleged violations of Section 10(b) of the Securities Exchange Act of 1934[1] and Rule 10b–5[2] by the defendants, Syntex Corporation and one of its subsidiaries, certain of the officers and directors of Syntex, and Industrial Bio-Test Laboratories, Inc.

Plaintiff also seeks to represent a class consisting of all persons who purchased options to buy common stock of Syntex during the period from February 4, 1976 through

---

**1.** 15 U.S.C. § 78j(b) (1976).

**2.** 17 C.F.R. § 240.10b–5 (1977).

and including August 6, 1976 ("class period") and who, relying upon the integrity of the market in which Syntex securities were traded and upon the truth and accuracy of statements made and disseminated by the defendants with regard to the business affairs of Syntex, "sustained damages as a result of said purchases."

On July 25, 1978, we denied a motion by plaintiff Lloyd for class certification without prejudice to renewal on the sole ground that plaintiff had not shown that the size of the proposed class was large enough to warrant class treatment. On the instant motion, plaintiff has offered proof that there were a total of 313,849 options traded, that the average number of option contracts per trade in 1976 was 4.1, and that the average option purchaser entered into at least three transactions. Thus, the approximate size of the proposed class would be 25,000.[3] Although a class of such a size would satisfy the numerosity requirements of Rule 23(a)(1), the court concludes that the other requirements of Rule 23(a) are not satisfied, and, thus, plaintiff has failed to meet his burden of demonstrating the propriety of class treatment.[4]

In addition to numerosity, Rule 23(a) requires that "the claims . . . of the representative part[y] [be] typical of the claims . . . of the class, [and that] the representative part[y] will fairly and adequately protect the interests of the class."[5] The options involved in this case had differing expiration dates, ranging from July 1976 to April 1977, and plaintiff alleges that the defendants made an unspecified number of false and misleading statements in the period commencing in October 1975 and ending in August 1976.

Thus, this is not a case involving a number of purchases made in reliance on a limited number of allegedly false and misleading statements.[6] Hence, members of the proposed class would have no interest in establishing the falsity of statements made by the defendants after the expiration date of their options. Similarly,

"purchasers who bought [options] at the beginning of the period would have an interest in maximizing the significance of events that preceded their purchases, while at the same time minimizing the significance of events that followed their purchases. Purchasers who bought late in the period, on the other hand, would have an interest in minimizing the significance of earlier events in order to maximize the materiality of later events."[7]

The record is silent with respect to the expiration date of plaintiff's options. Therefore, there is no showing that his claims are typical of those of all the members of the proposed class.

Moreover, plaintiff's claims may actually be antagonistic to those of other members of the proposed class. Plaintiff does not state what he did with his options and does not state the amount of damage he suffered. If plaintiff sold his options during the class period, he would have been selling in a market inflated by the allegedly false statements and therefore would have been benefitted by the defendants' alleged wrongdoing. Such a representative "whose substantial interests are not necessarily or even probably the same as those whom [he is] deemed to represent, does not afford the protection to absent parties which due process requires."[8]

**3.** For the validity of this method of computing the size of the class, see *Waldman v. Electrospace Corp.*, 443 F.Supp. 40, 42 (S.D.N.Y.1977).

**4.** *Free World Foreign Cars, Inc. v. Alfa Romeo*, 55 F.R.D. 26, 29 (S.D.N.Y.1972).

**5.** Rule 23(a)(3), (4), Fed.R.Civ.P.

**6.** See generally *In re Scientific Control Corp. Securities Litigation*, 71 F.R.D 491, 503 (S.D.N.Y.1976).

**7.** *Robinson v. Penn Central Co.*, 58 F.R.D. 436, 442 (S.D.N.Y.1973); see also *Feldman v. Lifton*, 64 F.R.D. 539, 549 (S.D.N.Y.1974).

**8.** *Hansberry v. Lee*, 311 U.S. 32, 45, 61 S.Ct. 115, 85 L.Ed. 22 (1940), quoted in *Pomierski v. W. R. Grace & Co.*, 282 F.Supp. 385, 392 (N.D. Ill.1967).

Thus, because plaintiff has failed to make an adequate showing of satisfaction of the requirements of Rule 23(a), we do not reach the question of whether any of the requirements of Rule 23(b) are met.

Accordingly plaintiff Lloyd's motion for class certification is denied.

So ordered.