**Robert FREEDMAN, et al., Plaintiffs,**

v.

**VALUE HEALTH, INC.,
et al., Defendants.**

No. CIV. A. 3:95–CV–2038(JC).

United States District Court,
D. Connecticut.

Feb. 19, 1999.

Leonard Barrack, Jeffrey W. Golan (argued), Daniel E. Bacine, Barrack, Rodos & Bacine, Philadelphia, PA, J. Daniel Sagarin, Elias A. Alexiades, David A. Slossberg, Hurwitz & Sagarin, Milford, CT, Robert A. Wallner (argued), Milberg Weiss Bershad Hynes & Lerach LLP, New York City, for Robert Freedman, Peter Balkheimer, Christine Balkheimer, and Steven E. Fingerit.

Jules Brody, Patrick Kevin Slyne, Stull, Stull & Brody, New York City, Andrew M. Schatz, Jeffrey S. Nobel, Schatz & Nobel, Hartford, CT, Joseph H. Weiss (argued), Jack I. Zwick, Weiss & Yourman, New York City, Charles Robert Peifer, Browning & Peifer, Albuquerque, NM, for Leykin, Hyman & Bash Assoc. and Irwin Bash.

John C. Millian (argued), Jeffrey T. Gilleran, Michael F. Flanagan, Gibson, Dunn & Crutcher, Washington, DC, David J. Elliott, Daniel L. Fitzmaurice, Regina A. Long, Day Berry & Howard, Hartford, CT, Stephanie Landry, Marshall G. Martin, Hinkle, Cox, Eaton, Coffield & Hensley, Albuquerque, NM, for defendants.

Ronald J. Cohen, Jacqueline D. Bucar, Robert B. Flynn, Timothy P. Jensen, Tyler, Cooper & Alcorn, New Haven, CT, H. Robert Fiebach, Thomas G. Wilkinson, Jr. (argued), Douglas R. Widin, Cozen & O'Connor, Philadelphia, PA, Stephanie Landry, Marshall G. Martin, Hinkle, Cox, Eaton, Coffield & Hensley, Albuquerque, NM, for Nunzio P. DeSantis.

### RULING ON MOTIONS FOR CLASS CERTIFICATION [DKT.# s 135 & 137]

HALL, District Judge.

These two consolidated cases, *Freedman v. Value Health, Inc.* and *Bash v. Value Health, Inc.*, arise from events surrounding a merger on July 28, 1995 between Value Health, Inc. and Diagnostek, Inc. Plaintiffs in both actions allege that corporate and individual defendants made a series of false and misleading statements about the two companies and their impending merger, and that defendants failed to disclose material information in the registration statement filed in connection with the merger.

The *Freedman* plaintiffs have moved to certify a class of all persons, with the exception of defendants and their families, who acquired Value Health common stock between April 3, 1995 and Sept. 19, 1995, including a sub-class of people who received shares of Value Health in exchange for their shares of Diagnostek, Inc. The *Bash* plaintiffs have moved to certify a class consisting of: (a) former Diagnostek shareholders who acquired shares of Value Health in the merger; (b) people who purchased shares of Diagnostek on the open market between March 27, 1995 and July 28, 1995; and (c) people who purchased shares of Value Health on the open market between March 27, 1995 and November 7, 1995. Both sets of plaintiffs have also moved to certify their counsel as class counsel.

Defendants in both actions have opposed class certification, primarily on the ground that plaintiffs have failed to satisfy the "adequacy" requirement of Rule 23(a)(4). They argue that plaintiffs would be inadequate class representatives both because an inherent conflict of interest exists among the different groups of plaintiffs and because plaintiffs are ignorant about the litigation. In addition, the individual defendants argue that they have improperly been excluded from the class proposed by the *Freedman* plaintiffs. Lastly, both defendants have presented arguments concerning the dates of the class period.

For the following reasons, plaintiffs' motions for class certification are hereby granted.

## I. DISCUSSION

### A. Adequacy of class representatives

 Under Rule 23(a)(4), a class action can exist only when "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). The adequacy inquiry under this Rule "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 117 S.Ct. 2231, 2250, 138 L.Ed.2d 689 (1997). When the members of a proposed class "have interests that are 'antagonistic' to one another," Rule 23(a)(4) prevents certification. *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir.1992). In the specific context of securities litigation, courts have certified classes despite adequacy objections when "[e]very class member shares an overriding common interest in establishing the existence and materiality of misrepresentations." *Blackie v. Barrack,* 524 F.2d 891, 909 (9th Cir.1975); *see also In re Olsten Sec. Litig.,* 3 F.Supp.2d 286, 296 (E.D.N.Y.1998) (granting certification where all plaintiffs had "overriding common interest in showing the maximum extent of inflation in [defendant's] stock

at every point"); *Desimone v. Industrial Bio–Test Labs.*, 80 F.R.D. 112, 113 (S.D.N.Y. 1978) (denying certification when plaintiff's claims were potentially antagonistic to those of other members of proposed class).

■ In the two actions at bar, plaintiffs' counsel have identified three different groups of plaintiffs: (1) people who purchased Value Health shares on the open market during the class period; (2) former Diagnostek shareholders who acquired their Value Health shares through the merger; and (3) people who purchased Diagnostek shares on the open market during the class period. The proposed *Freedman* class consists of Groups 1 and 2, while the proposed *Bash* class consists of all three groups.

Defendants contend that the three groups have interests that are adverse to one another. Their argument is as follows: People in Group 1 would want to argue that the market price of Value Health stock was artificially inflated during the class period by material misstatements on the part of *both* Value Health and Diagnostek regarding their future business prospects. By presenting alternate bases to support a finding that Value Health's price was inflated, the Group 1 members could maximize their chances of obtaining a verdict in their favor. People in Group 2, however, would want to argue that any inflation in the price of Value Health was attributable *solely* to misstatements by Value Health. Any finding of liability on behalf of Diagnostek would work against their interests rather than in favor of them. Such liability would help prove defendants' contention that people who received their Value Health stock in the merger suffered no damage because they paid for the stock with Diagnostek stock that was itself artificially inflated. Meanwhile, people in Group 3 would want to argue precisely the opposite of people in Group 2. In their view, it was Diagnostek's share price, not Value Health's, that was artificially inflated.

It is the conclusion of this court that defendants have not demonstrated any conflict of interest among the members of either proposed class. Defendants' argument fails because of the way that damages are calculated under § 11 of the Securities Act of 1933.

*See* 15 U.S.C. § 77k(e). In short, the interests of the three groups are not adverse because the damages measure takes into account the true "value" of the securities purchased by a plaintiff but not the "value" of the currency used to purchase those securities. A plaintiff who has purchased securities at an artificially inflated price is entitled to recover the difference between the "amount paid" to purchase the securities and either the value of the securities at the time the suit was brought, the amount for which the securities were sold before suit, or the amount for which the securities were sold after the suit was commenced if that amount is not greater than the value of the securities at the time the suit was started. 15 U.S.C. § 77k(e). Defendants' argument that, in the context of a stock-for-stock merger, "amount paid" refers to the intrinsic value of the shares exchanged, as opposed to the shares' market price, is without merit. As has been noted by the Second Circuit, the terms "amount paid" and "value" have distinct and different meanings under § 11(e). *See McMahan & Co. v. Wherehouse Entertainment, Inc.*, 65 F.3d 1044, 1048–49 (2d Cir. 1995). In construing § 11(e), the court stated that "Congress's use of the term 'value,' *as distinguished from the terms 'amount paid' and 'price'* indicates that, under certain circumstances, the market price may not adequately reflect the security's value." *Id.* Thus, the question of whether or not the value of the stock used to acquire stock of another company in a merger is artificially inflated is irrelevant to the damages calculus under § 11. Recovery is based on the market price of the shares used as currency in the merger, not on their intrinsic value.

In this case, then, there is no adversity of interests. While it is true that the three groups of plaintiffs may not share an interest in proving that the share prices of both Value Health and Diagnostek were artificially inflated, none of the three groups has an interest that would be harmed by a finding that misstatements inflated the share prices of both companies. If the plaintiffs in Group 2 are successful on their § 11 claim, they will be entitled to a measure of damages that relies on the market price, not the intrinsic

value, of their Diagnostek stock at the time that they exchanged it for shares of Value Health. Therefore, a finding that Diagnostek shares were also artificially inflated would not affect the interests of Group 2 plaintiffs. Nor is there any reason why such a finding would affect the interests of the plaintiffs in Group 1. Similarly, the interests of plaintiffs in Group 3 would be unaffected by a finding that Value Health shares were artificially inflated. Defendants have thus not shown that any conflict of interest exists among members of the proposed class in either the *Freedman* or the *Bash* action.

Defendants' remaining arguments regarding the adequacy of the proposed class representatives are also without merit. Although defendants are correct that a plaintiff who is unfamiliar with the basis for the lawsuit is not an adequate class representative, *see Larson v. Dumke,* 900 F.2d 1363, 1367 (9th Cir.1990); *Epifano v. Boardroom Bus. Prods., Inc.,* 130 F.R.D. 295, 302 (S.D.N.Y. 1990); *Kamerman v. Steinberg,* 113 F.R.D. 511, 517 (S.D.N.Y.1986), the deposition testimony of the various *Freedman* plaintiffs reveals that they are sufficiently familiar with the suit. *See Freedman* Reply Memo at Exh. 2–4. The *Bash* plaintiffs are similarly qualified to be class representatives, based on their performance as class representatives in a prior action against defendants.

## B. Exclusion of defendants DeSantis, Miller, and Barron

In addition, the court declines at this time to exclude defendants DeSantis, Miller, and Barron from the class. If the allegations that Value Health inflated the value of its stock by making material misstatements are proven true, then these individuals are entitled to recover damages just like any other former Diagnostek shareholder who was harmed thereby. A counterallegation that these individuals benefitted from the merger and from their own material misstatements regarding Diagnostek would likely be part of Value Health's defense, but is not a reason to exclude the individuals from the class at this time.

## C. Length of class period

The *Freedman* plaintiffs have proposed a class consisting of all purchasers of Value Health stock between April 3, 1995 and September 19, 1995. Defendants do not object to these dates. The class proposed by the *Bash* plaintiffs, however, includes all purchasers of Value Health stock between March 27, 1995 and November 7, 1995.

Defendants argue that Judge Arterton's ruling on the motion to dismiss the *Freedman* action compels the conclusion that no potentially actionable statements occurred prior to April 3, 1995. This court agrees. The only allegation in the *Bash* complaint regarding statements prior to April 3 concerns the March 27 press release announcing the merger. For the reasons expressed in Judge Arterton's ruling in *Freedman v. Value Health,* 958 F.Supp. 745, 757–58 (D.Conn. 1997), the statements contained in that press release are non-actionable as a matter of law. Therefore, because neither the *Freedman* nor the *Bash* complaint contains any allegations to support an earlier commencement date, this court deems the class period to have commenced on April 3, 1995.

As for the termination date, the *Bash* plaintiffs allege that on November 7, 1995, Value Health disclosed that it expected to take $147 million in non-operating pretax charges during the third and fourth quarters of 1995 and that the charges were associated with its acquisition of Diagnostek. *Bash* Complaint at ¶ 49. They allege further that the share price of Value Health dropped $2.50 in the wake of the disclosure. *Id.* at ¶ 50. These allegations are sufficient to allow plaintiffs to argue that it was not until November 7 that the market fully corrected for the inflation in Value Health stock price due to material misstatements. Therefore, at least at this stage in the litigation, the court finds these allegations to be sufficient to support a November 7, 1995 termination date for the class period.

## D. Other considerations

Plaintiffs have fulfilled all of the remaining requirements for certification under Fed. R.Civ.P. 23(a) and 23(b)(3). Because defendants have not challenged certification on

any grounds other than those discussed above, the requirements need not receive extended treatment here. The court simply notes that, having reviewed the class allegations, it finds plaintiffs to have met the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), as well as the predominance and superiority requirements of Rule 23(b)(3).

### E. Subclasses

Under Fed.R.Civ.P. 23(c)(4), the court may divide a class into subclasses when each subclass itself satisfies the prerequisites for class certification. Such division may well be appropriate in this case, for both analytical and case management purposes.

Although the discussion above analyzed the proposed class members as if they fell into three distinct groups, the three groups are not wholly independent of one another. To the contrary, it appears that *every* proposed class member is a member of what was described above as Group 1. That is to say, as far as the court can tell, every proposed class member acquired stock in Value Health during the class period. Therefore, the court could simply certify this larger, all-inclusive group as the "class" in this litigation. Within this class, the court could create both a subclass and a sub-subclass. The subclass could consist of former Diagnostek shareholders who acquired Value Health stock through the merger. All of these plaintiffs, as eventual acquirers of Value Health, share the claims of the larger class. But they all also have additional claims, based on their position as former Diagnostek shareholders. The third and final group of plaintiffs discussed above, namely those plaintiffs who purchased Diagnostek stock on the open market between the start of the class period and the merger, could constitute a subclass within the subclass, or, a "sub-subclass". These plaintiffs share the claims of both the class (because the sub-subclass plaintiffs all eventually acquired shares of Value Health) and the subclass (because that eventual acquisition occurred through the merger), but also have additional claims unique to their position as people who acquired Diagnostek at a price

that was itself allegedly inflated due to material misstatements.

The court declines, however, to certify a subclass and sub-subclass at this time. First, counsel have not yet had an opportunity to comment on the merits of such a proposal. Second, the court is unsure whom to appoint as named representatives or as counsel for such a subclass and sub-subclass. Therefore, for the time being, the court shall certify a single class, encompassing all three "groups" of plaintiffs. The court requests, however, that both parties submit proposals as to how best to proceed. In addition to the question of whether it would be useful for the court to create a subclass and sub-subclass, the parties should address the separate questions of lead counsel and of how best to coordinate the representation of the class. These questions are especially pertinent given that, at least for the time being, the court is appointing eight separate law firms as class counsel.

## II. CONCLUSION

Plaintiff's motions for class certification are hereby GRANTED. The court hereby CERTIFIES a plaintiff class consisting of: (1) all persons and entities who purchased or otherwise acquired the common stock of Value Health, Inc. during the period of April 3, 1995 through and including November 7, 1995, including those persons or entities who acquired shares of Value Health common stock issues pursuant to or traceable to the Form S-4 registration Statement, in exchange for their shares of Diagnostek, Inc.; and (2) all persons and entities who purchased or otherwise acquired the common stock of Diagnostek, Inc. during the period of March 27, 1995 through and including July 28, 1995. The court further CERTIFIES Robert Freedman, Peter Balkheimer, Steven Fingerit, Irwin Bash, as custodian for Abraham Bash, and Leykin, Hyman & Bash Associates as class representatives. In addition, the court hereby APPOINTS the following law firms as co-counsel for the class: Milberg Weiss Bershad Hynes & Lerach LLP; Barrack, Rodos & Bacine; Hurwitz & Sagarin, P.C.; Kaplan, Kilsheimer & Fox; Schatz &

Nobel; Browning & Peifer; Weiss & Yourman; and Stull, Stull & Brody.

In addition, the parties are hereby ORDERED to submit briefs on whether the court should subdivide the class and on how class counsel can best serve the class's interests. Plaintiffs shall file their briefs within thirty days of the entry of this ruling. Defendants shall have thirty days from the filing of plaintiffs' briefs in which to respond. Plaintiffs shall then have ten days from the filing of defendants' response in which to file reply briefs.

**SO ORDERED.**